## Case No. 12,545.

### SCOTT v. ROSE.

[2 Lowell, 381.] [1]

District Court, D. Massachusetts. Dec, 1874.

SEAMEN—WAGES—ABSENCE WITHOUT LEAVE—JUDICIAL DISCRETION—ENTRY IN LOG BOOK —REPEAL OF STATUTES.

1. The act of 20th July, 1790, § 5 (1 Stat. 133), so far as relates to absence without leave, and an entry thereof in the log-book, was repealed by the statute of 7th June, 1872, § 51, &c. (17 Stat. 273): and, if that statute is repealed, as to coasting voyages, by St. 1874, c. 260

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

(18 Stat. 64), the repeal does not affect rights accrued before the repeal.

[Cited in Ross v. Bourne, 14 Fed. 859; Welcome v. The Yosemite, 18 Fed. 384; Brink v. Lyons, Id. 607; U. S. v. Buckley, 31 Fed. 808.]

[Cited in Eddy v. O'Hara, 132 Mass. 60.]

2. The forfeiture of wages for absence without leave is left largely to the discretion of the court; and, where such absence was not fully justified, but had caused no pecuniary loss to the master, a small deduction from the wages was made.

[Cited in Brink v. Lyons, 18 Fed. 607.]

[This was a libel for wages by W. Scott against H. Rose.]

C. G. Thomas, for libellant.

F. Dodge, for respondent.

LOWELL, District Judge. This little case involves some nice points of law and fact. The libellant proceeds for wages said to have been earned in 1873. It appears that the libellant lives in Baltimore, and that he was employed as cook on board the brig Chimborazo, of which the defendant is one of the owners, in a considerable number of coasting voyages from Massachusetts and Maine to Baltimore and other Southern ports. Twice it happened that he stayed away from the ship in Baltimore, under circumstances which the respondent contends were such as to forfeit his wages due him. On the first occasion the master had hired the vessel by a parol charter, which, by the common law as administered in Massachusetts and Maine, would render the charterer alone responsible for the wages of that voyage. I agree with the opinion of Judge Ware, that the general owner, who has received his share of the freight, is liable in admiralty for the wages, notwithstanding such a charter. I do not now enlarge upon that topic, because my decision in this case does not turn upon that question.

In the conflict of evidence, I think one thing is tolerably certain, that the libellant is entitled to thirteen dollars as wages, which the owners were to pay, because they had been earned while the vessel was lying in Boston, before the master had taken her on shares. This was the written statement of the master at the time, given to the libellant, now produced in court, and admitted to be genuine. The master, as between himself and the owners, was the only person who suffered any loss by the absence of the libellant from the vessel, because he was to furnish a cook as well as all other seamen; and, therefore, taking the defence precisely as it is put, the absence cannot affect the right to wages earned under another contract with different parties, and accrued before the master chartered the vessel. I cannot see my way to decree more than this sum in respect to this voyage, and that sum is due on any possible construction of the law.

The second voyage was under a different master, who has testified upon the stand.

The voyage was from Belfast, in Maine, to Baltimore, and back to a Northern port of discharge, for which articles were signed. The master says that the libellant, being given leave of absence on Saturday, to extend through Sunday, did not return until Wednesday; that on Monday night the master entered the libellant as a deserter in the log-book, and on Wednesday morning hired another cook. When the libellant returned, he said his wife had been ill, and there was some discussion about that, but the master refused to take him back. The articles and log-book were lost in the brig on her return trip. There was remaining due to the libellant at this time, according to the master's computation, about thirty-four dollars. The contention of the defendant is that the wages were wholly forfeited by a statutory desertion.

I am of opinion that Act 1790, § 5 (1 Stat. 133), so far as relates to absence without leave and an entry thereof in the log-book, was repealed by St. June 7, 1872, § 51, &c. (17 Stat. 273). These sections have always been construed to apply to all voyages, and not merely to those mentioned in section 12 of the act; and it is clear that they are of a general nature, and there is nothing to confine or limit their application, excepting that section 52 requires an entry of absences to be made in the "official log-book," and section 58 only requires such log-books to be kept in foreign voyages, or those between the Atlantic and Pacific coasts. But this mere incidental discrepancy cannot vary the construction of this part of the law. It may, perhaps, excuse the officers from making the entries in the ordinary log-books; but this is the extent of its effect, if it has any.

It is said that by St. 1874, c. 260 (18 Stat. 64), coasting voyages are taken entirely out from all the provisions of the statute of 1872; and this seems to be so. But that statute cannot retroactively affect the civil rights of these parties, which were fixed before the repealing act was passed, though it might cut off any criminal penalties, which could be enforced only by virtue of that act.

I conclude, then, that there was no forfeiture of the whole wages under the statute of 1790, but that the case must be decided by section 51 of the act of 1872, which leaves the forfeiture very largely to the discretion of the court. If the libellant's wife was so ill that he could not properly leave her, he should have sent word to the master. He says he hired some one to go and inform the master; but this seems to be doubtful. Still the absence was not very serious, and was not in any sense a desertion by the maritime law, and there is no evidence that the master suffered any pecuniary loss, though he must have been put to some inconvenience. His new cook appears to have been hired at five dollars a month less than the wages of the libellant.

Upon the whole, I think a deduction of ten dollars a sufficient penalty for this absence.

This leaves due the libellant, on the first voyage, $13; on the second, $23; total, $36. Decree for $36 and costs.