## COGSWELL *v.* FORDYCE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF ARKANSAS.

No. 63. Submitted November 2, 1888. — Decided November 19, 1888.

An action upon a bond given to supersede a judgment or decree of a court
of the United States is not a " case brought on account of the deprivation
of any right, privilege, or immunity secured by the Constitution of the
United States, or of any right or privilege of a citizen of the United
States," so as to give this court jurisdiction of it in error or on appeal
under the fourth subdivision of Rev. Stat., § 699, "without regard to
the sum or value in dispute."

As the matter in dispute in this case, exclusive of costs, does not exceed
the sum or value of $5000, the writ of error is dismissed.

SAMUEL W. FORDYCE recovered in the Circuit Court of the
United States for the Eastern District of Arkansas, December
7, 1882, a judgment in ejectment against Thomas J. Cogswell
and Anna M. Cogswell. From that judgment the latter
prayed an appeal to this court, executing with J. L. Goodbar,
as surety, a bond in the penalty of $3600, conditioned that
the principal obligors would prosecute their appeal with effect
or, failing therein, pay all such costs and damages as the ob-
ligee sustained by reason of the wrongful detention of the
property sued for.

The obligors having failed to prosecute their appeal, the
present suit was brought, February 24, 1885, upon said bond,
to recover the sum of $3600, as the damages sustained by
reason of the detention of the property from the plaintiff in
the ejectment suit.

A demurrer to the complaint having been overruled, the
defendants filed an answer. The parties consenting thereto
in writing, the case was tried by the court without the inter-
vention of a jury, and judgment rendered June 20, 1885, in
favor of the plaintiff for the sum of $2400.

The defendants thereupon sued out this writ of error.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson,* for plaintiffs in error, submitted on their brief.

*Mr. Casey Young* and *Mr. John D. Martin* also filed a brief for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

After stating the facts as above reported, he continued: This court cannot take cognizance of this case. The matter in dispute, exclusive of costs, does not exceed the sum or value of $5000. Rev. Stat., §§ 690, 691; Act of February 16, 1875, c. 77, §§ 3, 4, 18 Stat. 315; Richardson's Suppl. Rev. Stat. 136.

It was, perhaps, supposed that our jurisdiction could be sustained under the fourth subdivision of § 699 of the Revised Statutes, providing that this court may, without regard to the sum or value in dispute, review any final judgment at law or final decree in equity of any Circuit Court or of any District Court acting as a Circuit Court, "in any case brought on account of the deprivation of any right, privilege, or immunity secured by the Constitution of the United States, or of any right or privilege of a citizen of the United States." But an action upon a bond given to supersede a judgment or decree of a court of the United States, cannot properly be said to have been brought on any such account. The mere failure or refusal of the obligors in such a bond to comply with its terms is not, within the meaning of the statute referred to, a "deprivation" of a right secured to the obligee by the Constitution of the United States, or of any right or privilege belonging to him, as a citizen of the United States. See *Bowman* v. *Chicago & Northwestern Railway Co.,* 115 U. S. 611, 615.

*The writ of error is dismissed.*