## HANOVER FIRE INSURANCE COMPANY v. KIN-NEARD.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 1152. Submitted January 7, 1889. — Decided January 21, 1889.

This writ of error is dismissed, the value of the matter in dispute being insufficient to give jurisdiction, and the case not being one brought on account of the deprivation or a right, privilege or immunity secured by the Constitution of the United States, or of any right or privilege of a citizen of the United States.

MOTION TO DISMISS for want of jurisdiction. The case is stated in the opinion.

*Mr. A. J. Bentley, Mr. John W. Deford* and *Mr. W. Little-field* for the motion.

*Mr. G. W. Cotterill, Mr. Samuel Shellabarger* and *Mr. J. M. Wilson* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

John Kinneard, Lucia M. Laird, W. H. Williams, G. H. Embry and Susan M. Phillips brought suit in the District Court of Franklin County, Kansas, against the Phœnix Insurance Company of Brooklyn, N. Y., against the Western Insurance Company of Toronto, Canada, and against the Hanover Fire Insurance Company and the Citizens' Fire Insurance Company of New York, upon three several policies of insurance, for $2500 each, which three cases were transferred, in October, 1886, on the ground of diverse citizenship, to the Circuit Court of the United States for the District of Kansas, where they discontinued as to Lucia M. Laird and G. H. Embry, leaving as plaintiffs the defendants in error here. Upon the 12th of December, 1887, the court ordered, the defendants severally

objecting and excepting, that the cases be consolidated for trial, and they were accordingly tried together, separate verdicts being returned in favor of the Phœnix Insurance Company; against the Western Insurance Company for $1847.88; and against the Hanover and Citizens' Companies for $2067.32; and judgments were severally rendered thereon. To reverse the judgment against the latter this writ of error was prosecuted, which defendants in error now move to dismiss.

It is contended on behalf of plaintiffs in error that the three cases were independent and different from each other, both as to the grounds of action and as to the defences, the plaintiffs' only being the same and the losses occasioned by the same fire; that the Circuit Court, in consolidating them, abused the discretion reposed in it under § 921 of the Revised Statutes, which provides that "when causes of a like nature or relative to the same question are pending before a court of the United States or of any Territory, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so," and that thereby the plaintiffs in error were deprived of due process of law, that is, of a trial by jury according to the settled course of judicial proceedings in like cases.

But the action of the court in refusing plaintiffs in error a separate trial is not open to review upon this writ of error, since it appears that the value of the matter in dispute is insufficient to give this court jurisdiction; nor can the writ be maintained, as argued, under subdivision 4 of § 699, of the Revised Statutes, because this judgment was not rendered in a "case brought on account of the deprivation of any right, privilege or immunity secured by the Constitution of the United States, or of any right or privilege of a citizen of the United States." *Cogswell* v. *Fordyce*, 128 U. S. 391.

*The motion must be granted and the writ of error dismissed.*