WESTERN UNION TEL. CO. v. WHITE.

(Circuit Court, W. D. Virginia. June 30, 1900.)

REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—EVIDENCE—JURISDICTION.

To an action to restrain the prosecution of a suit in a state court because of the removal to the federal court of a previous suit based upon the same cause of action, which was still pending defendant answered that, while in the writ filed in the first action his demand was placed at $2,500, it was his intention to claim only $1,500; that he paid the writ tax required by the laws of the state upon that sum only; and the first action was dismissed, and the second suit brought, because of a mistake in the form of the action. *Held* that, no declaration having been filed in the first action, the amount in controversy must be determined from defendant's answer herein, and, it appearing that this was but $1,500, the federal court was without jurisdiction thereof, and the same should be remanded to the state court, and the injunction restraining the second action dissolved.[1]

In Equity. On motions to dissolve injunction awarded the plaintiff against the defendant, and to remand action at law to the state court.

Scott & Staples, for plaintiff.
R. W. Winborne, for defendant.

PAUL, District Judge. In this cause the plaintiff filed its bill praying that the defendant be enjoined from prosecuting two actions at law, one in trespass and the other in debt, both instituted in the corporation court of the city of Buena Vista, Va. The complainant is a nonresident of the state of Virginia. The bill alleges that on the 19th day of December, 1899, the defendant, Hugh A. White, brought an action at law in the corporation court of the city of Buena Vista to recover damages of the plaintiff, the telegraph company, for its failure to deliver to the said Hugh A. White a message sent by one G. W. White in the month of ———, 1899, from Moorefield, W. Va.; the plaintiff in said suit laying his damages in the writ at $2,500. The process issued in said action at law was made returnable to the rules to be held on the first Monday in January, 1900, and was served on the 19th day of December, 1899. That on the 28th day of December, 1899, the defendant, the telegraph company, delivered to the clerk of the corporation court of Buena Vista, its petition for the removal of said action into this court, and at the same time executed and delivered to the clerk a bond, with security, as required by the statute. The petition and the bond were filed on the 29th of December, 1899, the clerk indorsing each as follows: "Filed December 29th, 1899, after case ordered dismissed. D. H. Rucker, Clerk." The bill further alleges that after the filing of the petition and bond for removal, to wit, on the 21st day of February, 1900, the said Hugh A. White, upon the same cause of action embraced in the suit first mentioned, instituted two other actions at law in the corporation court of the city of Buena Vista against said telegraph company; in one claiming the sum of $1,500, and in the other the sum of $250. The bill further al-

[1] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75, and Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

leges that the cause of action on which these two suits are founded is identically the same as that on which the first suit is based; that the defendant, Hugh A. White, proposes to abandon the first suit instituted, and to rely on the two suits last brought; that the claims are placed at less than $2,500; that all this is being done for the purpose of evading the jurisdiction of the federal court; that, on the filing of the petition and bond for the removal of the case into this court, this court became invested with jurisdiction of all matters of controversy between said White and said telegraph company; and that the corporation court of the city of Buena Vista was thereby deprived of all jurisdiction in the premises, and has no right to entertain any action that might be thereafter brought by said White on the same cause of action,—and prays that said White be enjoined from prosecuting the two actions at law instituted by him against complainant, and now pending in the corporation court of the city of Buena Vista. The injunction was granted as prayed for, and the motion now before the court is to dissolve this injunction. The defendant, White, files his answer to the bill, and avers that in the action which he instituted in the corporation court of the city of Buena Vista on the 19th day of December, 1899, which was an action of assumpsit, the damages claimed or expected to be claimed did not amount to $2,500, or anything like that sum, though this was the amount of damages laid in the writ; that the action of assumpsit was brought for the purpose of recovering the statutory penalty allowed in the state of Virginia against telegraph companies for failure to deliver messages promptly, and also for the recovery of such damages as he might be entitled to recover as the sendee of such message by reason of the default of the defendant in its contract for the transmission and delivery of the message; that, after the writ issued, it was his purpose to prepare and file a proper declaration setting forth therein his cause of action, both for the statutory penalty and for the damages resulting from the breach of contract, but that he never expected to claim in such declaration, or to recover as much as $2,500 in any event, even with the statutory penalty and damages added together, and at the time he instituted said action "he advised the clerk of the corporation court of the city of Buena Vista that he did not expect to claim or recover more than $1,500, and that the writ tax as required by the laws of Virginia should be paid only upon that amount; and that this was accordingly done." He files as an exhibit with his answer the receipt of the clerk, supported by the affidavit of the clerk showing that the writ tax paid was on the sum of $1,500. He further avers that upon an investigation of the law upon the question of pleading and practice in the state of Virginia he was advised that he could not maintain an action of assumpsit for the statutory penalty, nor could he, as the sendee of such message, maintain such action for damages resulting from the breach of any contract, and that for other reasons an action of trespass on the case was preferable; that for these and other considerations he, on the 29th day of December, 1899, before the return day of the writ, and before he had any intimation or suspicion that the defendant would make an effort to remove said action into this court, gave notice to the clerk of the corporation court of the city of Buena

Vista that said action was abandoned, and ordered the same to be dismissed without prejudice; and that the clerk dismissed the same as directed. The answer denies that the petition and bond of the defendant in the action at law in the state court were delivered to the clerk of that court on the 28th day of December, 1899, and avers that the said petition and bond were not delivered to the clerk of said court until after the plaintiff in said action had directed the same to be dismissed. As evidence of this he files the memorandum entered by the clerk, ordering the dismissal of the case, as follows:

"The clerk of the corporation court will please dismiss the above case of Hugh A. White vs. Western Union Telegraph Company, without prejudice to Hugh A. White in bringing a new action. Dismiss at 1st January rules, 1900.
"Dec. 29th, 1899.                                    Hugh A. White, Plaintiff."

The correctness of this entry is sustained by the affidavit of the clerk of the state court. The clerk of that court also makes an affidavit that the order to dismiss the action at law was given him about half past 9 or 10 o'clock in the morning of the 29th of December, 1899, and that the petition and bond of the defendant for the removal of the case into the federal court were received by mail about 4 o'clock in the evening of that day. At the March term, 1900, of this court at Lynchburg, the Western Union Telegraph Company filed a copy of the record of the action at law instituted on the 19th day of December, 1899, and the same was docketed. From an inspection of the record it appears that the petition and the bond were not presented to the state court, and that no action thereon was taken by that court. Whether this must be done before a copy of the record can be filed in this court it is not material to consider. The motions to dissolve the injunction and to remand the action at law to the state court are based on two grounds: First, that at the time the petition for removal was filed in the clerk's office of the state court the plaintiff had directed his action to be dismissed, and that there was at that time no suit pending which could be removed; second, that the amount in controversy in the action sought to be removed is not sufficient to confer jurisdiction on this court.

It will only be necessary to consider the second ground. The amount of damages alleged in the writ is $2,500, and the defendant therein, the telegraph company, insists that this sum must determine the question of jurisdiction, there being no declaration filed at the time the petition for removal was filed; that, $2,500 being the amount of damages claimed in the writ, the plaintiff cannot be allowed, after the petition for removal has been filed, to show that the amount he intended to demand in his declaration, had he filed one, was the sum of $1,500. It is well settled that "in all actions where the relief demanded is a judgment in money the amount claimed by the plaintiff as due to him is the amount in controversy, and furnishes the test of jurisdiction; but this amount is to be ascertained not merely by the sum named in the ad damnum clause, or the prayer for judgment, but also by a consideration of the amount of the debt or damages as set out in the body of the declaration." Black, Dill. Rem. Causes, § 52; Lee v. Watson, 1 Wall. 337, 17 L. Ed. 557; Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688; Bowman v. Railway Co.,

115 U. S: 611, 6 Sup. Ct. 192, 29 L. Ed. 502; West v. Woods (C. C.) 18 Fed. 665. No declaration having been filed in this case in the state court, the only claim demanded in the record is the amount of damages laid in the writ. The only other evidence before the court as to the amount in controversy is that offered by the plaintiff to show that, had he filed his declaration in the state court, it was his purpose to claim therein only $1,500. This court has no power to compel the plaintiff to file a declaration showing what he claims, so as to determine the amount in controversy. It will have to settle this question on the testimony of the plaintiff in that suit as it is presented in his answer to the bill of injunction. The tax law of Virginia (Acts Assem. 1883–84, c. 450, § 14) provides for a tax on suits commenced in a circuit or corporation court. This is known as a "writ tax," and in each suit (except a suit in chancery) "there shall be a tax thereon, if the amount of debt or demand for damages shall not exceed five hundred dollars, of one dollar; and when the debt or demand for damages exceeds five hundred dollars, there shall be an additional tax of ten cents for every hundred dollars or fraction of one hundred dollars of such debt or demand, in excess of five hundred dollars: provided that in all such suits the plaintiff or his attorney may endorse upon his writ or notice the real amount claimed in his action, and the tax upon the suit shall be fixed with reference to the amount so claimed." The plaintiff, when he brought his action, paid the writ tax on $1,500. In addition to his own affidavit that he paid the writ tax only on the sum of $1,500, he files the certificate, under oath, of the clerk of the corporation court of the city of Buena Vista, which is as follows:

"Hugh A. White vs. Western Union Tel. Co.

"Action Trespass on the Case in Assumpsit.

"I hereby certify that at the time the plaintiff brought the above suit he declared he did not expect to recover in excess of fifteen hundred dollars, and writ tax made accordingly.          D. H. Rucker, Clerk."

This evidence fully sustains the plaintiff in his assertion that when he brought his action it was his intention to claim but $1,500 in his declaration, and not $2,500, as the damages were laid in the writ. This being true, the amount in dispute, had the declaration been filed, would not be sufficient to give this court jurisdiction. The evidence fails to sustain the contention of the defendant company that the first action was dismissed, and two separate actions brought for the purpose of evading the jurisdiction of this court. The plaintiff, White, appears to have acted in good faith in the course he pursued. He abandoned his first action because he had made a mistake in the remedy he had adopted, and directed its dismissal before the defendant filed its petition and bond for removal, and before he knew that the removal was contemplated. The injunction awarded herein on the 22d day of March, 1900, restraining Hugh A. White from prosecuting two actions at law in the corporation court of the city of Buena Vista, will be dissolved, and the bill dismissed, at the costs of the plaintiff in injunction. The action at law of Hugh A. White against the Western Union Telegraph Company will be remanded to the corporation court of the city of Buena Vista, with costs to the plaintiff.