## MAGRUDER *v.* ARMES.

**ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.**

No. 171. Argued and submitted March 7, 1901. — Decided March 18, 1901.

Jurisdiction cannot be vested in this court, in a case brought here by writ of error to the court of the District of Columbia, by a mere claim of the statutory amount of damages, unsupported by facts.

On February 13, 1896, in the Supreme Court of the District of Columbia, at the Circuit Court Term No. 1 thereof, a judgment was entered in favor of George A. Armes, of which the following is a copy :

"Comes here now the plaintiff, by his attorney, and prays judgment on the verdict rendered in this case on the 7th instant, which is granted. Therefore it is considered that the plaintiff recover against said defendant and George C. W. Magruder, her surety, six dollars and twenty-five cents ($6.25), being the money payable by them to the plaintiff by reason of the premises, together with the costs of suit, to be taxed by the clerk, and have execution thereof."

Thereafter an execution was issued thereon in the following form :

"George A. Armes, Plaintiff
 *vs.*
Eleanor A. H. Magruder and Geo. C. W. Magruder, Surety, Defendant.　} No. 39,058.

"The President of the United States to the marshal for said District, Greeting :

"You are hereby commanded that of the goods and chattels, lands and tenements, of the defendant and Geo. C. W. Magruder, surety, you cause to be made $6.25, with interest from February 13, 1896, which the plaintiff on the 13th day of February, 1896, by the judgment of said court in the above-entitled cause, recovered against said defendant and surety for money

found payable to said plaintiff, and $22.70 for costs and charges about said suit expended, as appears of record, and return this writ into the clerk's office of said court within 60 days so endorsed as to show when and how you have executed the same.

"Witness the Honorable Edward F. Bingham, chief justice of said court, the 19th day of February, A. D. 1896.

{ Seal of the Supreme Court of the Dis-
   trict of Columbia here imprinted. }

                  "JOHN R. YOUNG, *Clerk.*

           By ———— ————, *Assistant Clerk.*"

This execution was levied upon lot K in James Crutchett's subdivision of lots in square No. 755, in this city. Advertisement of sale was made in the ordinary form, and on May 9 (the day named for the sale) the principal defendant, plaintiff herein, paid the amount of $89.94 to satisfy the execution and prevent a sale. The value of the lot thus levied upon was $1800.

Thereafter, and on May 8, 1899, this action was commenced in the Supreme Court of the District, the declaration setting forth a copy of the judgment and execution, alleging the levy and the advertisement, averring that the lot was the separate property of the plaintiff, that she was a married woman and that George C. W. Magruder, the surety against whom judgment was also rendered, was her husband. The declaration also alleged that the judgment was rendered for witness fees, but was without law or merit; that both judgment and execution were void because not in terms limited by the rights which belonged to her as a married woman; that efforts were made by her to quash the execution and to appeal from the proceedings had upon such efforts, but that they failed, and that, therefore, she paid the sum of $89.94 to prevent the sale and save her property. As damages the sum of $6000 was claimed. A demurrer to this declaration was sustained, judgment entered for the defendants, which judgment was affirmed by the Court of Appeals, and thereupon this writ of error was sued out.

*Mr. Jackson H. Ralston* for defendants in error.

*Mr. Joseph J. Waters* for plaintiff in error submitted on his brief.

MR. JUSTICE BREWER, after making the above statement, delivered the opinion of the court.

The jurisdiction of this court in ordinary actions in the District of Columbia is limited to cases in which the amount in controversy is over $5000. Act of February 9, 1893, c. 74, § 8, 27 Stat. 434, 436. The fact, as disclosed by the declaration, is that plaintiff paid less than $90 to preserve from sale property worth only $1800. Everything which the defendants did was done by virtue of an order or judgment of a court of this District, having full jurisdiction. Whether such judgment was simply irregular or absolutely void, plaintiff cancelled all her liabilities by the payment of a sum less than $90, and the only property of hers endangered by their action she avers was worth $1800. It is true that in the declaration she charges illegality and spite, but such language is mere matter of epithet. We are guided by the facts as they are stated. There was no personal violence, no insult; nothing which sometimes rightfully opens the door to punitive damages. Finding that property of the value of $1800 was, as she thought, endangered, she paid $90 to escape the danger. Obviously her assertion that she was damaged to the amount of $6000 was without legal foundation and only made with the purpose of securing a review in this court. Nothing in the facts justified any such assertion. Jurisdiction cannot be vested in this court by a mere claim of damages, unsupported by facts. We do not care to enter into any discussion of this question, but refer simply to *Bowman* v. *Chicago & Northwestern Railway Company*, 115 U. S. 611, and cases cited in the opinion. The writ of error will be

*Dismissed.*