### MORROW v. MUTUAL CASUALTY CO. OF CHICAGO.
### No. 898.

District Court, E. D. Kentucky, at Lexington.

Aug. 7, 1937.

Swinford, Swinford & Sims, of Cynthiana, Ky., for plaintiff.

Bruce & Bullitt, of Louisville, Ky., for defendant.

FORD, District Judge.

This action was brought in the circuit court of Harrison county, Kentucky, to recover upon an insurance policy issued by the defendant company, by the terms of which the defendant insured the plaintiff's deceased husband, Middleton S. Morrow, against accidental death.

The plaintiff is a citizen of Kentucky, and the defendant is a foreign corporation incorporated under the laws of the State of Illinois.

The petition shows that during the life of the policy the assured sustained accidental injuries resulting in his death.

It is further alleged in the petition that, some time after receiving proof of loss, the defendant notified the plaintiff that, on account of the fact that the assured was engaged in an occupation other than that shown by his application attached to the policy, the company was liable for only

$3,000, and offered to pay her that sum upon the condition that she accept it in full and final settlement. She declined to accept the offer upon the conditions attached and instituted this suit to recover the full amount of $5,000, the principal sum payable under the terms of the policy.

The petition states that plaintiff is willing to accept the tendered check for $3,000 and credit her claim to that extent only in the event, however, that the condition, providing that her acceptance be in full settlement, be removed.

By appropriate proceedings taken by the defendant, the action has been removed to this court on the ground of diversity of citizenship, and it is now submitted upon the plaintiff's motion to remand.

The motion to remand rests solely upon the ground that, since it appears from the petition the defendant has acknowledged its obligation under the policy for $3,000, the court is not called upon to concern itself in any way with that portion of the claim, and the real and only controversy is that which arises over the additional claim of $2,000. Hence, it is insisted the sum or value of the matter in controversy is less than the amount requisite to confer jurisdiction upon the federal court under sections 24 and 28 of the Judicial Code, as amended (28 U.S.C.A. §§ 41 and 71), whereby federal jurisdiction on the ground of diversity of citizenship is limited to cases "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000."

If it be conceded that the conditional offer of the defendant to pay $3,000 in full settlement of the claim is equivalent to an acknowledgment of unconditional liability to that extent under the contract, and that such admission is sufficient to preclude any defense on the part of the defendant to that portion of the amount sued for, nevertheless the fact remains that the defendant has paid no part of the claim and is sued for the whole of it.

 It is the general rule that jurisdiction of the federal court is determined by the amount claimed in the petition. Nathan v. Rock Springs Distilling Co., 10 F.(2d) 268 (C.C.A.6). "The value of the matter in controversy is the value of that which the complainant seeks to recover, or the value of that which the defendant will lose if the complainant obtains the recovery he seeks." Hughes, Federal Practice, p. 317,

art. 422. "Upon all questions of jurisdiction, the sum demanded, not the sum recovered, recoverable, or admitted, is the amount in dispute." Hampton Stave Co. v. Gardner (C.C.A.) 154 F. 805, 806.

The only exception to this rule seems to be where, due to the nature of the action, the law provides a different rule, applicable to the case, for ascertainment of the value of the matter in controversy (Wilson v. Daniel, 3 Dall. 401, 407, 1 L. Ed. 655), or where the amount claimed in the petition is so obviously fictitious as to show a mere colorable enlargement of the claim to create jurisdictional amount. Bowman v. Chicago & N. W. Ry. Co., 115 U.S. 611, 6 S.Ct. 192, 29 L.Ed. 502; Lee v. Watson, 1 Wall. 337, 17 L.Ed. 557.

Regardless of the extent to which the defendant may have acknowledged the debt, the fact that it has refused to pay even that much or any part of it, except upon untenable conditions, makes the suit necessary in order to enforce payment of the admitted as well as the disputed portion of the claim.

The Supreme Court in Re Metropolitan Ry. Receivership, 208 U.S. 90, 108, 28 S. Ct. 219, 223, 52 L.Ed. 403, said: "It is not necessary that the defendant should controvert or dispute the claim. It is sufficient that he does not satisfy it. It might be that he could not truthfully dispute it, and yet, if from inability, or, mayhap, from indisposition, he fails to satisfy it, it cannot be that because the claim is not controverted the Federal court has no jurisdiction of an action brought to enforce it. Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity. If it were otherwise, then the circuit court would have no jurisdiction if the defendant simply admitted his liability and the amount thereof as claimed, although not paying or satisfying the debt. This would involve the contention that the Federal court might be without jurisdiction in many cases where, upon bill filed, it was taken pro confesso, or whenever a judgment was entered by default. These are propositions which, it seems to us, need only to be stated to be condemned."

 The plaintiff's claim is for an amount clearly within the jurisdiction of the federal court. It is wholly unsatisfied. Obviously, federal jurisdiction is not lost or impaired merely because the defendant admits or acknowledges liability. To hold

otherwise would make acknowledgment an efficient means by which to frustrate the exercise of jurisdiction to enforce obligations.

The motion to remand must be overruled. Let an order be entered in accordance herewith.