## MALYN v. NEW YORK LIFE INS. CO.
### No. 1208.

District Court, W. D. Pennsylvania.

Feb. 26, 1942.

Portser, Gregg & McConnell, of Greensburg, Pa., for plaintiff.

William H. Eckert and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is before us on plaintiff's motion to strike defendant's answer from the record, and also, on plaintiff's motion to remand this action to the Court of Common Pleas of Westmoreland County, Pennsylvania.

### Motion to Strike.

The motion to strike should be refused. Rule 8(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that averments in a pleading to which a responsive answer is required, other than as to the amount of damage, are admitted when not denied in the responsive pleading.

Plaintiff, in her second reason in support of her motion to remand, alleges that defendant "by indirection and inference, admits that $2500.00, * * * is justly due and payable to the plaintiff."

At the oral argument of the above motions, defendant's attorney admitted that there was $2,500 due from defendant to plaintiff by virtue of the cause of action alleged in plaintiff's complaint, and that it was willing to pay the same at any time.

Rule 12(e) provides that a party may move for a more definite statement, or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable the pleader to prepare his responsive pleading or to prepare for trial. The rule further provides, that if the motion is granted and if it is not complied with, within the time specified, the court may strike the pleading to which the motion was directed or make such order as it deems just.

### Motion to Remand.

This motion cannot be sustained under the law and for the reasons set forth in Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Morrow v. Mutual Casualty Co. of Chicago, D.C.Ky., 20 F.Supp. 193; In re Metropolitan Railway Receivership, 208 U.S. 90, 28 S.Ct. 219, 52 L.Ed. 403; 2 Cyclopedia of Federal Procedure, pages 66, 67 and on page 70.