## STONE v. CENTRAL SURETY & INS. CORPORATION.

District Court, S. D. New York.

July 14, 1943.

E. Edan Spencer, of New York City, for plaintiff.

David Tepp, of White Plains, N. Y., for defendant.

GODDARD, District Judge.

This is a motion by plaintiff to remand the case to the state court on the ground that the Federal Court lacks jurisdiction as the amount in controversy is less than $3,000 exclusive of interest and costs.

It is true that the complaint demands judgment against the defendant in the sum of "Five Thousand ($5,000.00) Dollars, with interest, together with the costs and disbursements of this action." However, it appears from the complaint that the liability of the defendant Insurance Company is limited to $2,500 in addition to interest and costs.

The Judicial Code, Section 24(1), 28 U.S.C.A. § 41(1), provides that the district courts shall have original jurisdiction "* * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 * * *".

The Judicial Code, Section 37, 28 U.S.C.A. § 80, provides in part: "If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, * * * the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require. * * *"

The amount actually sought to be recovered is $2,500 plus interest and costs, and jurisdiction is governed by the value of the actual amount in dispute, as shown by the whole record, and not by the damages claimed nor by the prayer for judgment alone. Hilton v. Dickinson, 108 U.S. 165, 2 S.Ct. 424, 27 L.Ed. 688; Bowman v. Chicago Northwestern Ry. Co., 115 U.S. 611, 6 S.Ct. 192, 29 L.Ed. 502.

What was said in Reese v. Holm, D.C., 31 F.Supp. 435, is applicable to the case at bar. "The complaint herein contains matter which nullifies the allegation as to the amount pleaded as being the value of the matter in controversy". Page 440 of 31 F.Supp.

Motion to remand is granted. Settle order on notice.