# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1465

ANR PIPELINE CO.,

*Plaintiff-Appellee,*

v.

62.026 ACRES OF LAND, more or less, in Rock
and Walworth Counties, Wisconsin,

*Defendant.*

Appeal of: BRIAN E. DAVIS and CARRIN J. DAVIS.

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 03 C 450 S—**John C. Shabaz**, *Judge.*

_____

SUBMITTED SEPTEMBER 28, 2004—DECIDED NOVEMBER 19, 2004

_____

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* A rarely litigated provision of the
Natural Gas Act allows a company regulated by the Federal
Energy Regulatory Commission that wishes to condemn
land for construction of facilities authorized by a certificate
of public convenience and necessity issued by the Commis-

sion to bring a condemnation suit in federal district court if, but only if, "the amount claimed by the owner of the property to be condemned exceeds $3,000." 15 U.S.C. 717f(h). This appeal by Brian and Carrin Davis, the owners of an 18-acre tract, presents the novel question of whether federal jurisdiction can be defeated by the owner's refusing to specify the amount that he is claiming.

The certificate of public convenience and necessity authorized ANR Pipeline Company to build an underground pipeline 30 inches in diameter on the Davises' property and also to enlarge a small "gate valve" meter that is owned by ANR but sits on the Davises' land. In the course of protracted negotiations with the Davises, ANR offered them $1,205 for the pipeline easement. They refused and ANR filed this condemnation suit, initially limited to the pipeline. Shortly afterwards ANR upped its offer to $4,872, broadening the offer to encompass the enlarged gate valve as well as the pipeline. Replying that they would accept $2,900 for the pipeline easement but would not accept any compensation for the land required for the enlarged gate valve because that taking was "outside the scope of this litigation," the Davises moved to dismiss ANR's suit on the ground that the $3,000 jurisdictional minimum had not been met. ANR then filed an amended complaint, seeking condemnation of the land needed to enlarge the gate valve as well as of the pipeline easement. The judge denied the Davises' motion to dismiss and they boycotted the remaining proceedings, which culminated in a brief bench trial at which the Davises did not appear and at the end of which the judge entered an order of condemnation and awarded the Davises zero compensation.

ANR argues that the Davises' refusal of its offer of $4,872 shows that they are claiming more than $3,000. The argument is imprecise. They are refusing to claim. A condemnor can-

not force a landowner to claim more than $3,000 any more than the defendant who wants to remove a diversity suit to federal court can force the plaintiff to claim more than $75,000; if the plaintiff commits himself to seek no more than $75,000, the petition to remove must be denied. *In re Brand Name Prescription Drugs Antitrust Litigation*, 248 F.3d 668, 670-71 (7th Cir. 2001); *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). But we do not have such a commitment here, and its absence has implications for what the Davises are really after—what, *realistically*, they are claiming. There is no suggestion that they think the property interests that ANR is seeking have a market value of less than $3,000—why would any landowner turn down an offer because he thought it not too low but too high?—and there is not the faintest hint that they are willing to surrender those interests to ANR for that modest amount. Whatever is motivating their obduracy isn't an acknowledgment that they are entitled to no more than $3,000 and a rejection whether principled or irrational of a foolishly generous offer. Even if they value the pipeline easement at only $2,900 (which is improbable, but for the moment we'll assume they do), it is hardly likely that they value the land required to enlarge the gate valve at only $100. The additional land that ANR wants for the enlarged gate valve is 65.5 feet by 38 feet, which is about 0.057 of an acre. The original condemnation was of easements occupying 0.709 of an acre. Assuming the Davises valued the land for the enlarged gate valve at the same amount per square foot as they purport to value the pipeline easement, they would demand $233 for that land. That is more than $100 but is in any event an underestimate because the pipeline easements are for underground construction whereas the land for the enlarged gate valve would be taken in fee simple.

The Davises are undoubtedly trying to force ANR to proceed in state court, where they may be able to extract a

larger judgment. We think they are therefore "claiming," within the meaning of the statute, compensation in excess of $3,000. The case is the mirror image of cases in which parties attempt to manufacture federal jurisdiction by exaggerating their claim in order to reach a jurisdictional minimum, as in *Bowman v. Chicago & North Western Ry.*, 115 U.S. 611, 613-14 (1885), and *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979-80 (7th Cir. 2000). The defendants are trying to defeat the pipeline company's right to invoke federal jurisdiction by pretending not to claim the jurisdictional amount, when really they are claiming more but hoping to vindicate the claim more effectively by proceeding in state court, or perhaps just by thwarting the federal suit in order to induce ANR to come up with a richer offer rather than go to the bother of suing in state court.

It is true that when the case was first filed the only offer by ANR that the Davises had turned down was for only $1,205, and so how can we be confident that the case was within federal jurisdiction? And if not, the filing of the amended complaint did not solve the problem; jurisdiction would have been lost and so ANR would have to start over, *Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S. Ct. 1920, 1924 (2004); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)—unless, as in *Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002), and *Duplan v. Harper*, 188 F.3d 1195, 1198-1200 (10th Cir. 1999), the amended complaint were treated as if it were an original complaint, which it would be except for the filing fee. Despite the "black letter" rule invoked in *Grupo* and *Newman-Green* that all jurisdictional requisites must be satisfied at the time of initial filing, it was in *Newman-Green* itself that the Supreme Court held that a want of complete diversity at the time a suit is filed can be cured later—*much* later—by dropping from the suit the party whose presence had prevented diversity from being complete.

In any event we now know that the Davises were determined to stay out of federal court even if ANR's offer greatly exceeded $1,205. They expressed a willingness to grant the pipeline easement for $2,900 only when it was plain that ANR would not pay because it would prevent ANR from proceeding in federal court to obtain the additional property interest that it needed. And they turned down ANR's subsequent offer of $4,872, which was well above the jurisdictional minimum, because they wanted more. So we think it has adequately been shown, as the district court determined, that the Davises were claiming more than $3,000 from the start.

But we do not understand the district court's awarding zero compensation. Without using the term "default," the district court treated the Davises as having defaulted; and indeed they had. But when a defendant defaults, the next step is to determine the relief to which the plaintiff is entitled. Fed. R. Civ. P. 55(b)(2); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). ANR was entitled to the property interests it sought in exchange for paying the owners the fair market value of the interests; it was not entitled to the interests free of charge. True, the burden was on the Davises to show what the fair market value was, *United States ex rel. Tennessee Valley Authority v. Powelson*, 319 U.S. 266, 273 (1943); *National R.R. Passenger Corp. v. Certain Temporary Easements Above Railroad Right of Way in Providence, Rhode Island*, 357 F.3d 36, 39 (1st Cir. 2004), and they put in no evidence. But since ANR had offered them $4,872, this figure provides a minimum estimate of what the property interests were worth, and the district court should have awarded the Davises that amount.

The judgment is affirmed in part and reversed in part, and the case is remanded to the district court for the entry of a judgment consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*