## SESLAR v. UNION LOCAL 901, Inc. et al.
### Civ. No. 505.

United States District Court
N. D. Indiana, Fort Wayne Division.
Nov. 9, 1949.

Oliver A. Switzer, South Bend, Indiana, for plaintiff.

Sol Rothberg, Thomas Gallmeyer, Fort Wayne, Indiana, for defendants.

SWYGERT, District Judge.

In the case of Seslar v. Union Local 901, Inc., et al., Fort Wayne 505, I am ready to announce the decision of the Court and to make findings of fact and conclusions of law, but preliminary to the announcement of the findings of fact and conclusions of law of the Court, I wish to make it clear that the motives of the individual defendants in this action in transferring the property of the union to a corporation is not material to the issues in this case. The differences in political philosophy and the resulting conflicts in policy within the UE, and between the UE and the CIO, may be at the bottom of this present controversy; but no consideration should be given nor has any consideration been given by the Court to these conflicts in deciding this case. In short, the case is not to be resolved by considering the motives of the parties in taking the actions which precipitated this litigation. This is simply an action concerning property rights, which must be decided by applying the law of contracts to the facts here presented.

While the underlying motives of the parties are immaterial to a decision, the purpose or intention of the local union in transferring the union property and assets to the corporation is material and relevant to the question to be decided. Although that purpose or intention is referred to in the findings, I think it is appropriate to mention it in this preliminary statement.

The defendants assert that their sole purpose in making the transfer was to prevent a seizure of the local's assets and property by the parent union. But the latter organization had made no move in that direction. Nor had it threatened or even hinted such action. On the other hand, there is strong evidence of a secession movement within the local union. The activities of the president of Local 901 in the so-called "right wing caucus" and the acquiescence by the other officers of the local union in these actions on his part lead to the inescapable inference that the transfer of the assets was a preliminary step to a contemplated secession of the local union to the CIO, if the CIO and the UE ended their affiliation. The individual defendants foresaw that their differences with the UE would result either in a secession of the local union or a suspension of the local's charter, or perhaps both. In contemplation of those contingencies, the transfer of the local union's assets was undertaken so that those assets would be available to and under the control of the dissident faction of the local union.

The law is clear, I think, that a majority of the members of an unincorporated association can direct the use of funds of the association within the scope of the association's declared purposes, but a majority cannot, against the will of a minority, or even against the will of a single member, divert such funds for uses other than those permitted by the constitution and the by-laws of the association.

The findings of fact are as follows:

1. The plaintiff is a resident of the State of Ohio.

The defendant corporation is an Indiana corporation.

The defendants Dallas Smith, Russell L. Johnson, Richard Hurst, Melvin Borcherding, Paulus Adams, Cecil Onion, Virgil Foland, Joseph Edwin Kramer, and John B. Dennis are residents of the State of Indiana.

The amount in controversy is in excess of $3,000.

2. Local 901, United Electrical, Radio and Machine Workers of America, is an unincorporated voluntary association, a labor union. Its members are employees of the General Electric Company at Fort Wayne, Indiana. The plaintiff is a member of said Local 901. The individual defendants are members of Local 901 and comprise its officers. The local union has a membership of over 4,000 members.

3. A regular membership meeting of the local union was held on the evening of October 3, 1949. This meeting was attended by approximately three hundred members. This meeting was not called specially nor was notice given to the membership prior to the meeting that disposition of the assets and property of the local union would come before it as business of the meeting.

4. At this meeting a motion was adopted which empowered the officers and trustees of the local union to transfer and convey all of its personal and real property to a corporation. Approximately 80 or 90 of those present voted "no" on the motion.

5. On October 4, 1949, the officers and trustees of Local 901 conveyed to the defendant corporation, Union Local 901, Inc., all of the real estate owned by the local union. That real estate is located at 1824 South Broadway and 1208 South Broadway, Fort Wayne, Indiana. They also transferred all of the cash assets and personal property of the local union to the corporation. Government bonds approximating $11,000 owned by the local union are in the process of being transferred to the corporation. No consideration has been received by the local union for the transfer and conveyance of these funds and real estate to Local 901, Inc.

The defendant corporation was incorporated October 4, 1949.

6. The defendant corporation was formed for the following purpose: "To hold and protect the assets of Local 901 United Electrical, Radio and Machine Workers of America, and to hold and protect the assets of Club-Local 901, and to exercise all other powers incident thereto." It is not a labor union. The incorporators and the first Board of Directors of the defendant corporation are the same individual defendants who are the officers of Local Union 901.

7. Local Union 901 was organized for the following purpose: "The purpose of this organization shall be to create a closer understanding between the employees of the various plants of the General Electric Company as well as the employees of the various departments of the Fort Wayne Works, to create a better understanding between management and employees, to reduce the hours of daily labor, to improve working conditions, to secure adequate pay for our work, and to elevate and maintain a higher standard of living."

8. Local Union 901 is a local labor union chartered by the United Electrical, Radio and Machine Workers of America.

Until November 2, 1949, the United Electrical, Radio and Machine Workers of America, hereafter called the UE, was affiliated with the Congress of Industrial Organizations.

9. At the meeting of the Local Union on October 3, 1949, a report of a so-called "right wing caucus" within the UE was discussed. This right wing caucus was headed by a committee of ten persons representing ten local unions within the UE. Defendant Dallas Smith was a member of this committee. One of the aims of this committee of ten and the group which it represented was to remain within the CIO in the event the UE severed its affiliation with the CIO and to form a labor union in the electrical equipment and machinery field within the CIO. The officers of the local union had knowledge of the activities and the aims of this committee of ten, and had discussed the transfer of the assets and property of the local union before the October 3rd meeting.

10. The members of the local union have no direct affiliation with the CIO. Their only direct affiliation is with their parent body, the United Electrical, Radio and Machine Workers of America.

11. Since November 2, 1949, the UE is no longer affiliated with the CIO.

12. The real and personal property of the local union were at the disposal of the local, to be used for the purpose of serving the interests and needs of its members, in accordance with the constitution and by-laws of both the national and local unions. When all property of the local union was transferred to the defendant corporation the availability of this property for disposal according to the terms of the constitution and by-laws was curtailed and impeded.

13. The plaintiff, as a member of the union, was adversely affected by the transfer of funds to the defendant corporation. He has no adequate remedy at law to protect his interest and he will suffer substantial and irreparable damage if such transfer is not set aside, and if he is not protected against similar transfers or diversions in the future.

### Conclusions of Law.

1. Jurisdiction of this cause is vested in this Court by 28 U.S.C.A., § 1332.

2. The constitution of the parent organization, the UE is a contract between it and its members and Local Union 901. The constitutions of the local and national organizations are so integrated as to form mutual contractual obligations between these organizations and the membership of the local union.

A transfer of the funds and property of the local union which is inconsistent with these constitutions is ultra vires and void.

Each member of the local union has an interest in the entire assets and property of the local union. In addition, each member has a contractual right to have the assets and property of the local union used only for those purposes set forth in the constitutions, and disbursed only in such manner as is therein approved. Supplementary to those is the further right to have the assets and property of the local union remain under the control of both the local and national unions as such control is set forth and delineated in the constitutions and by-laws. Since the transfer to the corporation interfered with this control and is inconsistent therewith, such transfer is void, and should be set aside.

3. The plaintiff has no adequate remedy at law for the protection of his interests, as a member of the UE and Local 901, in the property of the local union, against the transfer made to the corporation and against future transfers which may be attempted by the individual defendants inconsistent with the constitutions of the national and local unions.

Findings of fact having been made, and conclusions of law stated, the Court finds for the plaintiff, and finds the plaintiff is entitled to injunctive and affirmative relief.

It is therefore ordered, adjudged and decreed by the Court that the defendants are ordered to:

(a) Immediately and forthwith reconvey to Local 901, United Electrical, Radio and Machine Workers of America, all real property conveyed by the local union to the defendant corporation on or after October 4, 1949.

(b) They are further ordered to deliver to Local Union 901, United Electrical, Radio and Machine Workers of America, all funds, assets, choses in action, bonds, or other funds or personal property, assigned, transferred or delivered to the defendant corporation by Local 901 on or after October 4, 1949.

(c) The individual defendants, their assigns, agents or persons acting in conjunction with them, are permanently enjoined from transferring, assigning, conveying, giving, loaning, encumbering, or in any other manner disposing of any of the funds, property or assets of Local 901, United Electrical, Radio and Machine Workers of America, except that such be done consistent with the constitution of the United Electrical, Radio and Machine Workers of America and the constitution and by-laws of Local 901.