**SESLAR v. UNION LOCAL 901, Inc.**

**No. 10176.**

United States Court of Appeals
Seventh Circuit.

Heard Dec. 1, 1950.

Decided Jan. 11, 1951.

10.  49 U.S.C.A. § 303(b) (6).

Sol Rothberg, Thomas A. Gallmeyer, Fort Wayne, Ind., for appellant.

Oliver A. Switzer, South Bend, Ind., David B. Rothstein, Irving Meyers, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from a decree entered March 20, 1950, adjudging the defendants in contempt for having failed and refused to obey the court's decree of November 9, 1949, 87 F.Supp. 447. By the latter decree the defendants were ordered to reconvey to Local 901, United Electrical, Radio and Machine Workers of America, all real property, funds, assets, choses in action, bonds and other personal property assigned, transferred, conveyed or delivered to the defendant corporation by Local 901 on and after October 4, 1949. The individual defendants were also enjoined from transferring, assigning, conveying, loaning or encumbering any of the funds, property or assets of Local 901, except as might be consistent with the constitution of the United Electrical, Radio and Machine Workers of America, and the constitution and by-laws of Local 901.

No appeal was taken from the decree of November 9, 1949; however, the defendants in the instant appeal attack the jurisdiction of the court to entertain the suit wherein that decree was entered. Obviously, if the court was without such jurisdiction, its later decree adjudging the defendants in contempt cannot stand. In view of the conclusion which we have reached on this jurisdictional issue, it will be unnecessary to make a statement of the facts other than those relevant thereto.

Jurisdiction is predicated upon Title 28 U.S.C.A. § 1332, which provides for original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $3,000 * * *," and is between "Citizens of different States". Admittedly, there was diversity of citizenship, but the issue is whether the requisite amount was shown. The suit was brought by plaintiff, who according to the allegations of the complaint was a resident of the State of Ohio and a member of Local 901, United Electrical, Radio and Machine Workers of America. This Local, an unincorporated association, had a membership of approximately 5,000, who were employees of the General Electric Company at its manufacturing plant in Fort Wayne, Indiana. The defendant Union Local 901, Inc. was an Indiana corporation whose articles of incorporation were granted on October 4, 1949, for the purpose of protecting the assets of Local 901. The individual defendants, so it was alleged, were officers of both Local 901 and Union Local 901, Inc., and were residents of the State of Indiana. On October 3, 1949, at a regular meeting of Local 901, with 300 members attending, by a vote of 200 for and 100 against, it was decided to transfer the property, funds and assets of the Local Union to the incorporated Local. Such transfer was made on the following day, which was alleged to be in violation of the constitution

and by-laws governing the affairs of the Local Union.

Relative to the amount involved the complaint alleged, "The amount in controversy, exclusive of costs and interest involved in this matter exceeds the sum of Three Thousand ($3,000.00) Dollars. The value of his interest which plaintiff seeks to protect is approximately One Hundred and Fourteen Thousand ($114,000.00) Dollars." (The complaint lists the items of property owned by the Local, with the value of each, which totals $114,000.) This was the sole specific allegation as to the amount involved, but other allegations may be relevant. It was alleged "That the funds, property and assets of the Local Union so conveyed to the corporation were accumulated through the dues payments of the plaintiff and other members of the Local Union, and by enterprises engaged in by the Local Union for and on behalf of the plaintiff and other members," and "That as a result of the acts of the individual defendants in conveying the local union's property to themselves in their corporate capacity, the plaintiff has lost the value of his interest in said property."

The defendants moved to dismiss the complaint for lack of jurisdiction, alleging that it was apparent from the face of the complaint that the amount actually in controversy was less than $3,000. This motion to dismiss was denied without the taking of evidence, insofar as the record discloses. Thereupon, the defendants answered the complaint, denying among other things all allegations pertaining to the jurisdictional amount. The court, as a basis for its original decree of November 9, 1949, made its findings of fact and conclusions of law. Relative to the jurisdictional issue the court found, "The amount in controversy is in excess of three thousand dollars," and "The plaintiff, as a member of the union, was adversely affected by the transfer of funds to the defendant corporation." In its conclusions the court stated, "Each member of the local union has an interest in the entire assets and property of the local union." The court also concluded that each member of the Local Union had a contractual right to have the property of the Local used only for the purposes set forth in its constitution and disbursed only in conformity therewith, and further, that each member had a right to have the property of the Local remain under its control, as provided for in its constitution and by-laws.

It is to be kept in mind that this suit is brought by a single individual, one of 5,000 members of a Local Union, each of which has the same right and interest in its funds and property. Plaintiff seeks no relief on behalf of others similarly situated; neither does he bring a class action. In fact, in his brief it is stated, "The instant case was not a class suit in which aggregation of interest would be permitted." We are not clear on what basis the court determined that the amount in controversy exceeded $3,000. Plaintiff in his brief, however, states, "Judge Swygert held that the plaintiff-appellee, as a member of the union, had an interest in all the assets of his local union and that this included a right to have the assets remain under the control of the union as well as the right to have them used in a manner consistent with the constitution of the union." Assuming this to be a correct statement, it leaves unanswered the question for decision. Plaintiff's asserted interest in the assets of the Union and right as to the manner of their control and use was no different than the interest or right possessed by every other member of the Local. Evidently each of them had an interest in the physical assets, the pecuniary value of which was less than $23.00 per member. Assuming that the rights and benefits possessed by a member of a Union might have value other than that represented by a proportionate share of the Union's physical assets, there is neither allegation nor proof of such value.

Plaintiff's entire argument in this court in support of jurisdiction is based on a rule of law, often announced but sometimes confusingly applied, that "the general rule in injunctions is that the test of the amount in controversy is the value of the object or right to be protected." Predicated thereon, plaintiff argues that the value of the object sought to be protected was $114,000.

In support of this proposition, plaintiff cites and relies upon three cases: McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Bitterman v. Louisville & Nashville R. R. Co., 207 U.S. 205, 28 S.Ct. 91, 52 L.Ed. 171, and Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821.

True, the court in these cases recognized the rule contended for by the plaintiff, but we think the situation before us is readily distinguishable. In each of the cited cases the suit was by the person or corporation claiming the sole interest in the matter in controversy. In contrast, we here have as plaintiff a single party with an interest no different than that of many others who are not parties. And in each of the cases we think it clear that the "value of the object or right to be protected" was its value to the plaintiff. Certainly the court was not speaking of its value to a group or class of persons. No such situation was before the court in any of the cases relied upon.

In Glenwood Light Co. v. Mutual Light Co., 239 U.S. 121, at page 125, 36 S.Ct. 30, at page 32, 60 L.Ed. 174, which was a suit for an injunction, the court stated "that the jurisdictional amount is to be tested by the value of the object to be gained by complainant", and on the following page, it plainly appears that the test is the value to the complainant of the object or right to be protected.

In Thomson v. Gaskill et al., 315 U.S. 442, 447, 62 S.Ct. 673, 675, 86 L.Ed. 951, the court stated: "In a diversity litigation the value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." A reading of the opinion discloses that by "those involved in the litigation" the court was referring to the plaintiffs.

The point is that in none of the cases which we have been discussing did the court have before it a situation where a single plaintiff was relying upon a common and undivided interest in property in which numerous other parties had a like interest. Of course, if a sufficient number of the members of the Local had united as plaintiffs, or if the suit had been brought as a class suit, we would be presented with a different situation. In the former instance, as the court in Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 40, 32 S.Ct. 9, 56 L.Ed. 81, stated, " * * * when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." See also Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817, and Gibbs v. Buck et al., 307 U.S. 66, at page 72, 59 S.Ct. 725, at page 729, 83 L.Ed. 1111. The latter was a suit for injunction brought by certain complainants and others similarly situated, and the court in discussing the jurisdictional amount stated: "In view of the unchallenged facts, federal jurisdiction will be adequately established, if it appears that for any member, who is a party, the matter in controversy is of the value of the jurisdictional amount, or, if to the aggregate of all the members in this representative suit, the matter in controversy is of that value."

Rule 23 of the Rules of Civil Procedure, 28 U.S.C.A., provides that "one or more, as will fairly insure the adequate representation" may sue on behalf of all members of the class. And many cases of this and other courts could be cited wherein it has been held that the pecuniary interests of the members of such a class may be aggregated for the purpose of determining jurisdiction.[1] Even in those cases, however, there must be a true class suit as distinguished from one sometimes designated as spurious. Of course, this rule is of no aid to jurisdiction in the instant situation where the action is not brought on behalf of a class or in a representative capacity, and particularly in

1. Sturgeon et al. v. Great Lakes Steel Corp., 6 Cir., 143 F.2d 819, 822; Matlaw Corp. v. War Damage. Corp., 7 Cir., 164 F.2d 281, 282; Giordano et al. v. Radio Corp. of America et al., 3 Cir., 183 F.2d 558.

view of plaintiff's express disclaimer that such was intended. We think the rule is of some importance, however, because it emphasizes the untenable position of the plaintiff. If a true class suit is essential to the right to aggregate the pecuniary interests of the members of the class, for determining the jurisdictional amount, it is difficult to discern on what theory one member of a class, all having the same common and undivided interest, can show jurisdiction when suing in his individual capacity. Such a result would mean that one member of a class, without assuming any responsibility to represent the class and even without authority to do so, could obtain the same right as to jurisdiction as though such member had proceeded under Rule 23. While the record does not disclose except by inference why the plaintiff chose to proceed in his individual capacity, we think it may reasonably be inferred that being associated with a minority group· he was not in a position to bring a true class action, or that it was because the joining of other parties-plaintiffs would destroy diversity.

The rule is firmly settled that the mere allegation of the jurisdictional amount when challenged as it was here is not sufficient and that the burden is upon the plaintiff to substantiate its allegation. As was said in McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135: "The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."

It is our conclusion that the court was without jurisdiction and that its decree of November 9, 1949 was void. It follows that the decree of March 20, 1950 (the decree appealed from) was also void and of no effect. The cause is reversed and remanded, with directions that said decree be vacated.