**CONTINENTAL MINING & MILLING CO.**

v.

**MIGLIACCIO et ux.**

Civ. No. C–85–54.

United States District Court, D. Utah, Central Division. Aug. 31, 1954.

Gustin, Richards & Mattsson, Fred H. Evans, Salt Lake City, Utah, for plaintiff.

**218**

Stephens, Brayton & Lowe and Thomas C. Cuthbert, Salt Lake City, Utah, for defendants.

CHRISTENSON, District Judge.

The question is on the motion of the defendants to dismiss the complaint for lack of jurisdiction.

The complaint alleges that the plaintiff is a Nevada corporation and that the defendants are residents of the State of Utah. Paragraph 3 of the complaint reads:

"That the action is a civil action and that the amount in controversy exceeds the sum of $3,000.00, exclusive of interest and costs."

The complaint further alleges that on the 8th day of April, 1950, the plaintiff as lessee and optionee entered into a written agreement with the defendants as lessors and optionors; that by the terms of the agreement defendants were entitled to 100,000 shares of common, non-assessible stock of the plaintiff corporation upon the taking of possession of certain premises by the plaintiff, provided that plaintiff pay to the defendants the sum of $5,000 on or before the 30th day of April, 1950; that said lease and option agreement further provided that certificates representing the 100,000 shares were to be placed with the Utah Securities Commission and held until all other shares of the company were released from escrow by the commission and that if the plaintiff failed to make the said payment of $5,000.00 on or before the 30th day of April, 1950 and would not therefore obtain possession of the premises, the defendants should not be entitled to receive the stock. It is further set out that thereafter the plaintiff issued in the name of the defendants certificate No. 2 for 100,000 shares of stock in plaintiff corporation and deposited the certificate in escrow with the Utah Securities Commission; that the terms and conditions of the lease and option have never been performed by plaintiff and the defendant and that par-

ticularly the plaintiff has never paid the $5,000.00 nor entered into possession of the property; that on the 7th day of June, 1954, defendants demanded and wrongfully and unlawfully obtained the certificate from the Utah Securities Commission and that no consideration has ever been received by plaintiff for the stock. Asserting that neither of the defendants have any lawful right, title, interest or claim in or to any of the shares of stock and upon information and belief, that the defendants intend to sell and transfer the stock without lawful right, to the irreparable harm of the plaintiff, plaintiff prays that the stock certificate be cancelled; that the defendants be declared to have no right, title or interest to such certificate or the shares received thereby and that an order to show cause be issued requiring the defendants to show cause why the stock should not be turned over to the clerk of the court until termination of the action. The complaint contains no specific allegation as to the value of the stock, nor any other information as to value except the aforesaid statement that the amount in controversy exceeds $3,000 exclusive of interest and costs.

The file does not disclose any determination on the order to show cause; presumably the order has been abandoned since counsel for the plaintiff indicated that the stock had found its way into the hands of another party whom he might ask leave to have brought into the case.

Counsel for defendants interposed the following motion:

"1. To dismiss the action on the ground that the court lacks jurisdiction because the amount actually in controversy is less than three thousand dollars exclusive of interest and costs.

"2. To dismiss the action on the ground that the complaint fails to state a claim upon which relief can be granted."

The motion of the defendants was duly set down for hearing in accordance with the practice of the Court. At the time of hearing, the parties appeared by counsel and defendant argued at length the motion with respect to the asserted failure of the complaint to state a claim upon which relief can be granted. The defendant submitted without argument the motion to dismiss on the ground that the Court lacked jurisdiction. Plaintiff's counsel advanced reasons why he believed the complaint did state a claim upon which relief can be granted. With respect to the jurisdictional question raised by the motion, however, he rested his case upon the proposition that, despite the motion of the defendant, the allegations of the complaint that the amount in controversy was more than $3,000 was binding upon the defendant and upon the Court. Jurisdiction was questioned by the Court and plaintiff's counsel was invited to submit evidence upon the theory that, jurisdiction having been questioned, plaintiff had the burden of proof on the matter. No evidence, however, was tendered and it was indicated by plaintiff that he did not care to avail himself of subsequent opportunity to tender evidence on the issue raised by the motion. The motion was thereupon submitted.

If the motion to dismiss for lack of jurisdiction should be granted there is no necessity for rulings upon the other ground stated in the motion. The sole question which must be passed upon by the Court at this time is whether, on the record before it, it has jurisdiction.

■ Unless allegations in a complaint as to jurisdiction are challenged by an appropriate pleading or motion on the part of the defendant, or unless they are questioned by the Court, the jurisdictional issue is determined by the allegations in the complaint, which control. Stern v. Beer, 6 Cir., 200 F.2d 794.

■ Implicit in the foregoing decision are the corollary propositions that if the jurisdictional averments are challenged by an appropriate pleading or motion, or are questioned by the Court, the averments of the complaint are not controlling on the point. Stern v. Beer, supra; McNutt, Governor of Indiana v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

■ The policy of the Judicial Code, 28 U.S.C.A. § 1331 et seq., concerning jurisdiction by diversity of citizenship calls for strict construction of the statute and if the plaintiff's allegations of jurisdiction are challenged, the plaintiff must support them by competent proof or suffer his action to be dismissed for lack of jurisdiction. Thomson, Trustee of Chicago & Northwestern Railway Co. v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951. The problem of jurisdiction is presented in every case and it is universally recognized that there is a continuing duty upon the Court to be ever watchful and to ascertain the existence of the requisite amount or value in controversy upon its own motion or that of anyone interested. 30 A.L.R.2d 616.

■ Lack of jurisdiction cannot be waived by the parties and the issue should not be side-stepped by the Court; it has the authority and duty when any question arises to make inquiry and to determine whether the case is within its general jurisdiction. McEldowney v. Card, C.C., 193 F. 475, error dismissed, 6 Cir., 213 F. 1020, 129 C.C.A. 664; KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183.

Does the motion of the defendant challenge the allegations of the complaint concerning jurisdiction? The motion in substance seems a direct traverse of the allegation of the complaint that the amount in controversy exceeds the sum of $3,000.00 exclusive of interest and costs. The motion asks for a dismissal "on the ground that the Court lacks jurisdiction because the amount actually in controversy is less than $3,000 exclusive of interest and costs." It is indicated by the motion not only that the Court lacks jurisdiction but that this lack of

jurisdiction arises by reason of the asserted fact that the amount actually in controversy is less than $3,000 exclusive of interest and costs.

That the question of jurisdiction can be raised by motion as well as by answer is made definite by Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., providing, among other things, that every defense in law or fact shall be asserted in a responsive pleading thereto if one is required except that certain defenses at the option of the pleader may be made by motion, including (1) lack of jurisdiction over the subject-matter.

Rule 12 further indicates that jurisdictional questions raised by motion need not await determination at the trial, when the Court may find that it has spent considerable time on matters which it has no business with, but may be determined at a preliminary hearing. Subdivision (d) of this rule specifies that the defense of lack of jurisdiction, among others, "whether made in a pleading or by motion" shall be heard and determined before trial on application of any party, unless the Court orders that the hearing and determination thereof be deferred until the trial. A party who files a motion under the rules and practice of this court, asking for a dismissal of the action because of asserted lack of jurisdiction, which motion is set down for hearing in accordance with the usual practice, will be deemed to have applied for a hearing. Even were this not so, the rule which enjoins the Court to make inquiry when a question is raised concerning its jurisdiction seems to authorize and command an early determination. It seems no good reason to avoid the issue that at the hearing on their motion, counsel for the defendants indicated that they would rather have the Court base a dismissal on the ground that the complaint did not state a claim on which relief can be granted, which might be with prejudice, rather than on the jurisdictional ground. The latter dismissal would not bar further action when brought before an appropriate tribunal. Southern Pac. Co. v. Bogert, Executors of Larence, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099. A mere allegation of the jurisdictional amount is insufficient when challenged, and the burden is upon the plaintiff to substantiate the allegation. Seslar v. Union Local 901, Inc., 7 Cir., 186 F.2d 403, 30 A.L.R.2d 593. At a preliminary hearing on the matter evidence, either oral or by way of affidavits, may be considered, and if no evidence is offered the issue of jurisdiction must be resolved against the plaintiff who has the burden of proof. Williams v. Minnesota Mining & Manufacturing Co., D.C., 14 F.R.D. 1; McNutt v. General Motors Acceptance Corp., supra; KVOS, Inc. v. Associated Press, supra.

In line with the foregoing principles and reasoning, I believe that the jurisdictional allegations of the complaint in the respects mentioned are properly challenged by the defendants' motion; and that at the hearing of the motion, particularly in view of the question raised by the Court as to jurisdiction and the question could have been raised entirely on the Court's own motion, the plaintiff was called upon to produce some evidence to show jurisdiction, or at least should have asked leave to submit such evidence, if any it had, at a subsequent hearing. Having failed to do either, it appears that the complaint properly could be dismissed at this time for lack of jurisdiction.

This matter is set for hearing on the motion to dismiss the complaint for lack of jurisdiction for September 16th, 1954 at 2 o'clock p. m., or as soon thereafter as counsel can be heard. If at that time, plaintiff submits proof, either oral or by affidavit, in support of its allegations on jurisdiction, this will be considered, together with such contrary proof, if any, the defendants may submit and a decision on jurisdiction will be made at such further preliminary hearing. It is unnecessary at this time to pass upon the

tests by which it will be determined from the evidence whether any good faith controversy exists concerning the jurisdictional amount. Suffice it to say, such standards as established seem liberal to a plaintiff, and offer no reason why there should be hesitation in submitting proof if the facts at all warrant the assumption of jurisdiction by this Court.

If plaintiff offers no proof at the time indicated, the Court will enter an order dismissing the action for want of jurisdiction. If, upon proof being submitted, the Court finds that jurisdiction is present, a decision will be announced on the motion to dismiss as concerns the ground of whether the complaint states a claim on which relief can be granted. At that time, if we reach that point, the Court will entertain the suggestion of plaintiff's counsel that leave be granted to amend the complaint to bring in another party.