Howard **JAMISON**, Administrator of the
Estate of Jesus Inostroza, Deceased,
Plaintiff

v.

**PENNSYLVANIA POWER COMPANY**,
a Corporation, Defendant.

Civ. A. No. 17247.

United States District Court
W. D. Pennsylvania.

April 14, 1959.

John M. Feeney, Jr., of James P. Mc-Ardle, Pittsburgh, Pa., for plaintiff.

Dale Cleland, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On August 21, 1958, plaintiff, as administrator of the estate of Jesus Inostroza, deceased, brought an action under the Pennsylvania Wrongful Death and Survival Statutes[1] to recover damages allegedly arising out of the death of the decedent. Jurisdiction was based on diversity of citizenship and an alleged amount in controversy in excess of $10,000, exclusive of interest and costs.[2]

Subsequently, the defendant filed a motion to dismiss both the Wrongful Death

---

1. 12 Pa.Purdon's Stat.Ann. § 1601 et seq. and 20 Pa.Purdon's Stat.Ann. § 320.-601 et seq., respectively.

2. 28 U.S.C.A. § 1332(a).

and the Survival Act claims—the former on the ground that the statute of limitations for that claim had run before plaintiff had commenced suit; the latter on the ground that this court lacked jurisdiction since the amount in controversy in fact did not exceed the sum of $10,000 exclusive of interest and costs. We here consider defendant's motion to dismiss plaintiff's claim under the Survival Act.[3]

At the hearing set to afford the parties an opportunity to present evidence to support their positions, neither party produced any evidence. The plaintiff took the position that the allegations of the complaint were sufficient to sustain jurisdiction preliminary to trial, and the defendant contended that in the face of defendant's motion, plaintiff had the burden of producing evidence to support jurisdiction. Several days after that hearing plaintiff presented a petition requesting leave to abandon his former position and permission to produce affidavits to support the jurisdictional allegation in his complaint. In an answer to plaintiff's petition the defendant objected to both of plaintiff's requests.

We think that plaintiff should have the opportunity to sustain his allegations as to jurisdiction and that affidavits are competent evidence for our consideration in that regard. See Rule 43(e), Fed.R. Civ.P. 28 U.S.C.A.; Land v. Dollar, 1947, 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L. Ed. 1209. The two particular affidavits submitted by the plaintiff are in proper form—they were taken under oath before a notary public—and, as to the matters contained therein which are relevant for our consideration, purport to be on personal knowledge.

██ Since it is now well settled that where a party's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof * * * *",[4] we must look to the affidavits submitted by the plaintiff in order to determine whether plaintiff has sufficiently established his allegation that the amount here in controversy exceeds the sum of $10,000 exclusive of interest and costs.

From those affidavits it appears that on August 29, 1956, when he was killed, decedent, a Puerto Rican, was just under 20 years of age, that at that time he was employed on a farm where he earned approximately $37 per week and paid $1 per day for his room and board.

In St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845, the court stated:

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.*" (Emphasis supplied.) [5]

And in McDonald v. Patton, 4 Cir., 1957, 240 F.2d 424, at page 426, the court stated:

---

3. On February 26, 1959, we signed an order, consented to by the plaintiff, dismissing the Wrongful Death claim in accordance with defendant's motion.

4. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135; see also, Thomson v. Gaskill, 1942, 315 U.S. 442, 62 S. Ct. 673, 86 L.Ed. 951; Gibbs v. Buck, 1939, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L. Ed. 183; Seslar v. Union Local 901, 7 Cir., 1951, 186 F.2d 403, 30 A.L.R.2d 593.

5. See also: Columbia Pictures Corporation v. Grengs, 7 Cir., 1958, 257 F.2d 45; Fireman's Fund. Ins. Co. v. Railway Express Agency, Inc., 6 Cir., 1958, 253 F. 2d 780; Colonial Oil Company v. Vining, 5 Cir., 1956, 237 F.2d 913; Olan Mills, Inc., of Tennessee v. Enterprise Pub. Co., 5 Cir., 1954, 210 F.2d 895; Branding Iron Club v. Riggs, 10 Cir., 1953, 207 F.2d 720; Mercer v. Byrons, 1 Cir., 1952, 200 F.2d 284; cf. Silvers v. Maryland Casualty Company, 3 Cir., 1956, 239 F.2d 865, note 3, at page 866.

" * * * [T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in favor of the subjective good faith of the plaintiff."

■ In applying the law as set forth in the cases just cited to the basic facts developed by plaintiff in the affidavits submitted, it becomes quite clear that we cannot dismiss this action for lack of jurisdiction. It certainly does not appear to a legal certainty that the claim is really for less than the jurisdictional amount, for what was said by the court in Harris v. Illinois Central Railroad Co., 5 Cir. 1955, 220 F.2d 734, 736, is particularly applicable here:

> "The proper amount of damages to be sued for in this case cannot be mathematically fixed in advance of the trial; and, for federal jurisdictional purposes, it must be estimated in good faith * * * ."

■ The defendant contends, however, that in determining damages in this type of case under the controlling law of Pennsylvania, many factors must be considered which have not been touched upon in plaintiff's affidavits, and we quite agree. See our opinion in Johnson v. Baltimore & O. R. Co., D.C.W.D.Pa. 1952, 106 F.Supp. 166 and cases cited therein. However, we are here considering a pretrial motion to dismiss for lack of jurisdictional amount, not a post-trial motion questioning the sufficiency of the evidence to enable a jury to properly fix damages. Plaintiff must prove his case at the trial to be entitled to damages, but at this stage he need only produce sufficient competent evidence to show his good faith in alleging the jurisdictional amount and to preclude a finding "to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., supra; see also, Columbia Pictures Corporation v. Grengs, 7 Cir., 1958, 257 F.2d 45, 47; Olan Mills, Inc., of

Tennessee v. Enterprise Pub. Co., 5 Cir., 1954, 210 F.2d 895, 896. We think plaintiff has met this burden and an appropriate order will be entered denying defendant's motion to dismiss plaintiff's claim under the Survival Act.