329 F.2d 352
 Howard T. FISHER, Howard T. Fisher & Associates, Inc., an
Illinois Corporation, and Thomas H. Fisher,
Plaintiffs-Appellants,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation,
Defendant-Appellee.
 No. 14214.
United States Court of Appeals Seventh Circuit.
 Feb. 27, 1964, Rehearing Denied April 20, 1964.
 
 Thomas Hart Fisher, Norman Crawford, Chicago, Ill., for plaintiffs-appellants.
 Francis B. Libbe, David Jacker, John W. Kearns, Jr., Chicago, Ill., for defendant-appellee, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel.
 Before DUFFY, CASTLE, and KILEY, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 The district court dismissed this diversity suit because the 'matter in controversy' did not exceed $10,000.00.[1] Plaintiffs have appealed.
 
 
 2
 The decisive issue is: At what time did Hartford's obligation to defend its insureds[2] in suits against them arise. The district court decided the obligation did not arise until after the suits were filed, thereby limiting insured's right to attorney's fees to services rendered since that time. Attorney Thomas Hart Fisher's claim for fees and expenses was reduced, accordingly, below the jurisdictional amount. We agree with the decision.
 
 
 3
 Hartford's policy covered construction work and bound Hartford to pay any sums for which the insureds would become 'legally obligated to pay' because of injuries; and to 'defend any suit' against insureds 'even if * * * groundless, false or fraudulent.'
 
 
 4
 An accident occurred on the property, covered by the policies, on August 18, 1957, injuring several persons. Two suits arising from the accident were filed against the insureds.[3] Hartford did not tender an unconditional defense, but reserved its right to withdraw its defense and to deny coverage under its policy. It later brought a declaratory judgment suit with respect to its obligations under the policy. It settled both personal injury suits before trial, and the declaratory judgment action was 'dismissed' after trial on the merits.
 
 
 5
 Plaintiffs then brought this damage suit for alleged breach of the defense clause by Hartford, and claimed expenses and attorney's fees for services rendered by Attorney Fisher in representing them in the three suits.
 
 
 6
 The issue raised by the pleadings and defendant's motion to dismiss is whether the court had jurisdiction over the subject matter because of lack of jurisdictional amount.[4]
 
 
 7
 The statute conferring jurisdiction calls for strict construction and when plaintiffs' allegation was challenged by Hartford they had the burden of supporting the allegation by competent proof. Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951, (1942). And if, on the record made before it, the district court should have been convinced 'to a legal certainty' the claim is for less than the jurisdictional amount, the court did not err. Jones v. Drewery's, Ltd., 149 F.2d 250, 251 (7th Cir.1945), Berger v. Austin, Nichols & Co., 170 F.2d 330, 332 (7th Cir.1948), Columbia Pictures Corp. v. Grengs, 257 F.2d 45, 47 (7th Cir.1958).
 
 
 8
 Plaintiffs refer us to the Annotation at 49 A.L.R.2d 694 for Illinois cases to support the 'well established * * * law' that the district court erred in excluding from consideration fees of Attorney Fisher for services rendered prior to commencement of suit. The reference is unavailing. None of the cases support the theory, directly or indirectly. On the contrary, if any implication for the case at hand can be seen in the Illinois cases referred to it is that the court ruled properly.
 
 
 9
 We are not persuaded that the district court erred in applying the rule that it did, in excluding from consideration claims of Attorney Fisher for services rendered before the filing of suit. It follows, we think, that the court's dismissal for want of jurisdiction was not erroneous.
 
 
 10
 There is no merit in the argument that because the face amount of Hartford's policy exceeded $10,000.00, that amount was in controversy in this suit, brought for attorney's expenses and fees for alleged breach of the defense clause. Cases such as Hardware Mut. Cas. Co. v. Schantz, 178 F.2d 779 (5th Cir.1949), where the dispute was about coverage, are not pertinent.
 
 
 11
 Finally, we see no merit in plaintiffs' contention that they were erroneously denied the right to amend their complaint. Plaintiffs' amendment sought to increase the 'expenses incurred' by Attorney Fisher in the 'three actions' from $78.09 to $598.66, and thereby meet the jurisdictional requisite. Plaintiffs did not seek to amend until after the court had filed its opinion 'dismissing plaintiffs' complaint,' and did not make any showing, outside of the bare increase in figures, to substantiate the increase. Since defendant had filed its answer prior to this attempted amendment, it was discretionary with the district judge whether or not to grant plaintiffs leave to amend. Rule 15(a), Fed.R.Civ.P. In view of the district court's observation in its opinion dismissing the complaint that plaintiffs used 'unorthodox means' to show jurisdiction, there is a 'justifying reason appearing for the denial' of the leave to amend, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), and nothing has been shown to the contrary to this court.
 
 
 12
 We have examined plaintiffs' other contentions and find no merit to them.
 
 
 13
 Affirmed.
 
 
 
 [1]
 28 U.S.C. 1332
 
 
 [2]
 Howard T. Fisher and Howard T. Fisher & Associates, Inc
 
 
 [3]
 While this cause was pending before this court, a third personal injury action was filed against insureds. We have taken judicial notice of this suit
 
 
 [4]
 Plaintiffs ask for $11,048.09-- $10,970.00 was for professional services rendered by Attorney Fisher, and $78.09 was for 'expenses incurred.'
 Defendant asserted that the time spent by Attorney Fisher between the date of the accident and the date the first personal injury lawsuit was filed (34 1/4 hours) was not a proper element of damages, and that accordingly the damages asked should be reduced by $1,370.00-- to $9,678.09.