**AUTOMATION DEVICES, INC., Plaintiff-Appellant,**

v.

**Edward A. SMALENBERGER, Jr., individually and doing business as Automatic Feeder Company, Defendant-Appellee.**

No. 14832.

United States Court of Appeals
Seventh Circuit.

May 26, 1965.

Rehearing Denied July 7, 1965.

Jack E. Dominik, Dominik & Stein, Chicago, Ill., Stefan M. Stein, Chicago, Ill., of counsel, for appellant.

Warren C. Horton, Marshall W. Sutker, William C. Mac Lean, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

This was an action for breach of contract and unfair competition.

Plaintiff and defendant had settled their differences by a mutual release

agreement designed to settle and discharge all obligations between them.

Plaintiff brought this action to recover damages caused by defendant's alleged violations of that agreement.

In the agreement, defendant, who had been plaintiff's exclusive sales representative, agreed not to represent to any customer or prospective customer that he was plaintiff's agent or plaintiff's authorized representative. He agreed further to refrain from conduct which would reasonably lead such a customer or prospective customer to believe that the devices sold by defendant were manufactured or produced by plaintiff unless they were in fact so manufactured or produced.

There was extensive discovery and numerous pre-trial conferences. Most of the pertinent facts were stipulated. There was a comprehensive pre-trial order.

Shortly after the action of the United States Supreme Court in Sears, Roebuck & Co. v. Stiffel Co., 1964, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661, reversing Stiffel Co. v. Sears, Roebuck & Co., 7 Cir., 1963, 313 F.2d 115, and Compco Corp. v. Day-Brite Lighting, Inc., 1964, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669, reversing Day-Brite Lighting, Inc. v. Compco Corp., 7 Cir., 1962, 311 F.2d 26, defendant renewed his motion for summary judgment and dismissal which had been denied in May, 1963. In the cases cited above, the U. S. Supreme Court in effect ruled that a state statute could not render manufacture of a "Chinese" copy of an article unfair competition when that article was unprotected by patent or trademark. The District Court allowed the motion. The plaintiff's complaint was dismissed and this appeal followed.

It is plaintiff's view that defendant has admitted a breach of the contract in his description of his manner of operating his business; that defendant has made "Chinese" copies of plaintiff's products on which defendant has continued to use a label deceptively similar to the label used by plaintiff and similar to the label used by the defendant on plaintiff's products prior to the settlement agreement; and that defendant has advertised in the telephone "Red Book," trade literature and catalogs that he still handles plaintiff's products.

There is no issue of patent infringement.

The devices involved here are vibratory feeders whereby parts such as washers or bolts are conveyed by vibratory impulses imparted to a hopper bowl by a power unit. Auxiliary equipment and operating controls are frequently made a component part of the basic power unit and housing assembly by some manufacturers such as Syntron Company of Homer City, Pennsylvania, as well as by defendant.

Both plaintiff and defendant are now licensees of Syntron Company, which was the originator of the vibratory feeders made by the plaintiff and defendant. Syntron was making and selling these devices in 1946. Plaintiff was organized in 1956 to acquire and continue the business of Perry Equipment & Engineering Co. The Vibratory Feeder Co. and Peeco (Perry Equipment & Engineering Co.) were designated as divisions of plaintiff. The parties stipulated that:

> "The VFC Division sells standard 'off-the-shelf' parts from a catalog. The Peeco Division 'purchases' such parts from the VFC Division, and modifies the same for sale to the customer as a completed job for vibratory feeding."

It was further stipulated that:

> "In 1948, the Perry partnership was a sales firm selling industrial equipment manufactured by others, including the sale of vibratory parts feeders manufactured by the Syntron Company of Homer City, Pennsylvania. Until sometime in August of 1955, the Perry partnership continued to purchase vibratory parts feeders components from Syntron. The parts feeders components so purchased from Syntron included both drive units and the housing or covers therefor as an integral unit.

Thereafter, the Vibratory Feeder Company (VFC) was organized to manufacture vibratory feeder components, including drive units, housings or shells, blank bowl designs, and associated items which were purchased from it by the Perry Company. Some deliveries of such components were made by Syntron during the succeeding six months to plaintiff or its predecessor."

The resemblance between the devices made by plaintiff and defendant is not surprising as both are copied from Syntron's devices. Several of Syntron's patents have now expired.

Defendant's unit was first made and sold by defendant prior to March 14, 1959, the date of the release agreement with which we are concerned.

While defendant was plaintiff's representative, defendant stocked an inventory of consigned equipment from plaintiff. Defendant sold some items to defendant's own Eas-E-Way Products Co. which took the standard vibratory small parts feeders and tooled them specifically for specific customers' needs. The Eas-E-Way

Co. became a licensee of plaintiff and was encouraged to brand-name plaintiff's products under its own name.

It was plaintiff's policy to encourage purchasers to name brand the products purchased from plaintiff so that the products appeared to have been manufactured by the purchasers. A letter dated November 15, 1955, from Perry Equipment & Engineering Co. to all its representatives said of prospective purchasers that "it will be with our blessing that he name brand any and all units that he purchases from us" permitting such purchaser "to become in a small sense a competitor * * * thereby hoping to obtain a greater dollar volume."

Although plaintiff stipulated that there are no trademark regulations involved, plaintiff argues that it has a property right in the Syntron originated devices by virtue evidently of its release agreement with defendant.

Much has been made of the misleading similarity of the name plates. Plaintiff's Exhibit 15 shows them as follows:

PLAINTIFF'S EXHIBIT 15

Plaintiff's plate is green and defendant's blue. The defendant's use of his plate was well known to plaintiff prior to the execution of the release agreement of March 14, 1959.

 We do not find persuasive plaintiff's arguments to the effect that defendant's continued use of his own name plate on his own devices constitutes a breach of his agreement because he previously used the same plate on plaintiff's devices with plaintiff's approval.

Similarly we do not see that defendant is holding himself out as an authorized representative of plaintiff's when defendant offers for sale "rebuilt VFC–Peeco," "VFC" and "Peeco" feeders. There was evidence that plaintiff itself had sold units to defendant after the date of the agreement without limitations on use.

We disagree with plaintiff that the District Court erred in refusing to allow a tardy motion to amend the complaint by insertion of new issues based on facts which plaintiff knew or should have known long before, after what the District Judge described as "extremely involved and seemingly interminable proceedings * * * culminating in a stipulation of facts, pre-trial order and the respective statements by plaintiff and defendant of the issues of law and fact, preparatory for trial." We find no abuse of the Court's discretion here. Switzer Bros., Inc. v. Chicago Cardboard Co., 7 Cir., 1958, 252 F.2d 407, 412; Fisher v. Hartford Accident & Indemnity Co., 7 Cir., 1964, 329 F.2d 352, 354.

There was no genuine issue of material fact. The stipulation, pleadings, and exhibits support the District Court's findings that "defendant has not breached the agreement or violated any tenable legal right asserted by the Plaintiff." Rule 56, Federal Rules of Civil Procedure; Egan v. City of Aurora, 7 Cir., 1960, 275 F.2d 377, 379; Parmalee Transport Co. v. Keeshin, 7 Cir., 1961, 292 F.2d 794, 797.

We have carefully considered all of plaintiff's arguments, but believe it unnecessary to comment on each in detail. We find them lacking in merit. The District Court's judgment is affirmed.

Affirmed.