Frank LOVE, Individually, Pearl Love, Individually, Frank A. Love, a minor, By His Next Friend, Frank Love, Angela D. Love, a minor, By Her Next Friend, Frank Love, Appellants,

v.

Richard BUDAI, et al.

No. 79–1551.

United States Court of Appeals, District of Columbia Circuit.

March 16, 1981.

Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on appellee District of Columbia's motion for reconsideration.

Before McGOWAN, Chief Judge, GINSBURG, Circuit Judge, and JOYCE HENS GREEN *, United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

The District of Columbia has moved that we reconsider our decision to publish the *per curiam* opinion in the above-captioned case. Local Rule 8(f) provides that unpublished opinions may not be cited in briefs or memoranda as precedents. The District asserts that our decision should not be published and become precedent because "it resolves an important question concerning which there is disagreement in this Circuit, but which was not briefed in this case" —whether punitive damages may be received in actions brought to redress deprivations of constitutional rights. We do not view our decision as resolving this issue and therefore deny the motion.

In his separate opinion in *Payne v. District of Columbia*, 559 F.2d 809, 827 (D.C. Cir.1977), Judge Tamm noted the apparent conflict in this Circuit's expressions on the availability of punitive damages in constitutional tort actions.** Our *per curiam* opin-

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

** *Compare Hartigh v. Latin*, 485 F.2d 1068, 1071–72 (D.C.Cir.1973), *cert. denied sub nom. District of Columbia v. Marsh*, 415 U.S. 948, 94 S.Ct. 1470, 39 L.Ed.2d 564 (1974) (punitive damages may be considered in determining the amount in controversy), *with Zweibon v. Mitchell*, 516 F.2d 594, 659 (D.C.Cir.1975) (en banc), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 187 (1976) (plurality statement, unaccompanied by explanation, that only compensatory damages may be recovered).

ion here states no more than our inability to agree that "to a legal certainty" the assault claim based on defendant Finkelberg's conduct must fail on amount-in-controversy grounds. The very disagreement to which movant refers indicates the uncertainty. *Cf. Columbia Pictures Corp. v. Grengs*, 257 F.2d 45, 47 (7th Cir. 1958); *Calhoun v. Kentucky-West Virginia Gas Co.*, 166 F.2d 530 (6th Cir. 1948). We therefore do not regard our reference to "the possibility of exemplary damages" as resolving that such damages may be recovered.

■ The District further asserts that in no event could punitive damages be claimed in this case because the officers' conduct was not intentional. Movant has confused the Fourth Amendment claim pressed by the Loves, as to which no amount-in-controversy issue was presented on appeal, with the assault charge asserted against defendant Finkelberg, and alleged to deprive Pearl Love of her Fifth Amendment rights. We cannot characterize an assault charge as a claim based on carelessness or mistake.

*Motion denied.*