The **STIFFEL COMPANY**, Plaintiff-Appellant and Cross-Appellee,

v.

**SEARS, ROEBUCK AND CO.**, Defendant-Appellee and Cross-Appellant.

Nos. 13724, 13725.

United States Court of Appeals
Seventh Circuit.

Jan. 23, 1963.

Rehearings Denied March 4, 1963.

Warren C. Horton, Max R. Kraus and Marshall W. Sutker, Chicago, Ill., for Stiffel Co.

Will Freeman, D. D. Allegretti, Frank H. Marks, Chicago, Ill., for Sears, Roebuck & Co.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a patent infringement and unfair competition suit. Defendant answered that the patents in suit were invalid and that defendant was not guilty of unfair competition; and its counterclaim sought declaratory judgment accordingly. The District Court found the patents invalid, but found defendant guilty of unfair competition. From the judgment on these findings, each party has appealed.

The patents in suit are Stiffel Patent No. 2,793,286 and Stiffel Design Patent No. 180,251, both relating to floor to ceiling "pole lamps." The patents were issued to Theophile Stiffel in May, 1957, and subsequently were assigned to plaintiff. The lamp was first shown the public in 1956. Plaintiff learned from a Sears, Roebuck & Co.[1] catalogue in 1957 that pole lamps were being sold by Sears. It purchased a Sears lamp in Greensboro, North Carolina, and this suit followed.[2]

The vital questions are upon the findings and conclusions with respect to patent invalidity and unfair competition. There is, however, a preliminary procedural question.

As part of the Sears proof, the court admitted in evidence Exhibit No. 55, a Deca pole lamp. Plaintiff contends the ruling was erroneous because Sears failed to give notice of the exhibit under 35 U.S.C. § 282. That section requires at least thirty days notice of patents and publications relied on as anticipating the patents in suit. However, the trial court may admit the proof, in the absence of

---

1. Hereinafter referred to as Sears.

2. Originally filed in North Carolina and later removed to the Northern District of Illinois, Eastern Division, for trial.

notice, "on such terms as the court requires." The ruling on Exhibit No. 55 was within the court's discretion. C. S. Johnson Co. v. Stromberg, 242 F.2d 793, 797 (9th Cir. 1957), Thermo King Corp. v. White's Trucking Service, Inc., 292 F.2d 668 (5th Cir. 1961). We are not convinced, on the facts before the District Court, that plaintiff had no opportunity, because of the ruling, to present his case, as the Court of Appeals was convinced in Thermo King. We find no abuse of discretion and no error in the ruling.

The Stiffel pole lamp consists of a plurality of detachable tubular members, of small diameter, joined together to form a singe pole longer than the distance between floor and ceiling of a room. It carries three lamps,[3] with swivel brackets, on the exterior of one of the sections. The lamps are served by wires "extending interiorly"[4] down through and out the lower section of the pole. In use it is supported between floor and ceiling under compression of a spring contained in the uppermost section. The upper and lower ends are small round felt or rubber covered discs to protect ceiling and floor. The lower disc is at the end of an adjustable leg for making fine adjustments to the length of the pole.

The District Court found that the Stiffel pole lamp was anticipated in the prior art more than one year prior to the Stiffel patent application in January, 1956, by Sears' public use and sale of the Deca pole lamp; and in printed publications. The question is whether the court erred in concluding, on these findings, that Stiffel Patent No. 2,793,286 is invalid.[5]

The findings underlying the conclusion have substantial basis in the admitted use of the Deca poles by Sears in 1953 and 1954, and the evidence of their published illustrations, sketches and descriptions more than one year prior to the Stiffel patent application, H. W. Gossard Co. v. J. C. Penney Company, 304 F.2d 515, 518 (7th Cir. 1962), and were sufficient to overcome the presumption of validity of the patent. We hold the conclusion of invalidity of Patent No. 2,793,286 is not clearly erroneous.

The Deca pole included all the essential elements of the Stiffel pole except the adjustable leg. Instead of the adjustable leg, the Deca pole employed an equivalent, i. e., sections of various lengths for adjusting height. The court was not required to find on the evidence that the adjustable leg was novel or was functionally different than the various sized sections of Deca pole which have the same purpose. This is true also of the Stiffel spring unit and the Deca pole sliding section and spring which have the same effect. And there is substantial evidence that Deca pole had the wire run "extending interiorly" within the pole.

The District Court's conclusion of invalidity of Design Patent No. 180,251 rests on findings that the Deca pole Exhibit No. 55 does not differ in ornamental design aspects from the Stiffel patented design, and that the Miller "Lamp Tree" was disclosed in several magazines in 1950 and 1954. Plaintiff challenges this conclusion.

The Design Patent claims only "the ornamental design for a lighting

---

3. The patent application illustration shows three lamps but " * * * while three are shown any number of lighting fixtures may be suitably arranged on said section at different desired elevations * * *."

4. Term used in Stiffel patent application claims.

5. 35 U.S.C. § 102 provides, in part, as follows:
 "A person shall be entitled to a patent unless—(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States * * *."

fixture, as shown." The finding with respect to the Miller "Lamp Tree" anticipating the Stiffel design has sufficient support in the evidence of the disclosure of the Lamp Tree in printed publications. The finding is not clearly erroneous, and we need not therefore discuss the finding as to Exhibit No. 55. We hold the conclusion of the invalidity of Design Patent No. 180,251 is not erroneous.

■ Because the District Court's conclusions with respect to the patents are not erroneous, it follows that the court did not err in its conclusion of non-infringement.

■ There is substantial basis in the evidence to support the findings underlying the conclusion that Sears was guilty of unfair competition. The evidence is: The lamp had a decided impact on the market in 1956 as something revolutionary in lighting fixtures. In four years (1956–1960) Stiffel shipped about $3,250,000 in pole lamps. They were widely advertised in national magazines. Sears "moved in" when they saw the Stiffel pole lamp was moving toward a mass market. Sears lamps are not labelled, and the Sears lamp retails at the wholesale price of the Stiffel lamp.

The Stiffel pole lamps and that of Sears made from a copy of a picture of the Stiffel lamp are before us as exhibits. A comparison of the two gives substantial support for the finding that the lamps have a remarkable sameness of appearance. And there is testimony of buyers for Marshall Field and Company and John M. Smyth Company of customer confusion. The finding that there is a likelihood of confusion [6] and some actual confusion, as to the source of the lamps, is not clearly erroneous. The conclusion of unfair competition, based on the finding,[7] is not erroneous.

■ Sears argues that plaintiff's proof failed to show "palming off" or "secondary meaning" under the law of Illinois as expresed by this court in Zangerle & Peterson Co. v. Venice Furniture Novelty Mfg. Co., 133 F.2d 266, 269 (7th Cir. 1939) and Day-Brite Lighting, Inc. v. Sandee Mfg. Co., 286 F.2d 596, 600 (7th Cir. 1961). In Independent Nail & Packing Co. Inc. v. Stronghold Screw Products, Inc., 205 F.2d 921, 926 (7th Cir. 1953), Judge Duffy said that the rule argued for here is "no longer the law of Illinois," citing Investors Syndicate of America, Inc. v. Edward J. Hughes, Secretary of State, 378 Ill. 413, 422, 38 N.E.2d 754, 759 (1942), and Lady Esther, Ltd. v. Lady Esther Corset Shoppe, 317 Ill.App. 451, 46 N.E.2d 165 (1943). Judge Knoch repeated Judge Duffy's statement recently in Day-Brite Lighting, Inc. v. Compco Corp., 311 F.2d 26 (7th Cir. Dec. 14, 1962).

For the reasons given the judgment is affirmed.

6. The finding of customer confusion does not say "as to the source of the lamps." Clearly, however, that was intended on this record in view of the testimony of the buyers.

7. Under Illinois law, which governs here, it was unnecessary to prove more than the likelihood of confusion as to the source of the products in order to make out a case of unfair competition. Independent Nail & Packing Co. Inc. v. Stronghold Screw Products, Inc., 205 F. 2d 921, 926 (7th Cir. 1953), National Van Lines v. Dean, 288 F.2d 5, 9 (7th Cir. 1961). Those were trademark cases, but the rule is also applied in design-patent unfair competition cases. Day-Brite Lighting, Inc. v. Compco Corp., 311 F.2d 26 (7th Cir., Dec. 14, 1962).