The **TAPPAN COMPANY**, Plaintiff,

v.

**GENERAL MOTORS CORPORATION, Frigidaire Sales Corporation and Halle Bros. Co., Defendants.**

**Civ. A. No. 37217.**

United States District Court
N. D. Ohio, E. D.
April 27, 1965.

--- ◆ ---

Edward A. Haight and John W. Hofeldt, Chicago, Ill., E. E. Donnelly, Jr., Cleveland, Ohio, for plaintiff.

George N. Hibben, Chicago, Ill., Albert Teare, Cleveland, Ohio, and Warren Finken, Dayton, Ohio, for defendants.

GREEN, District Judge:

This action was brought by plaintiff on September 15, 1961 against the three defendants herein. The complaint is drawn in two counts.

The first cause of action is to recover for alleged patent infringement. Plaintiff alleges that defendants are engaged in acts of direct and contributory infringement of United States Design Letters Patent Nos. 174,240 and 180,069, which patents cover certain designs for cooking ranges.

Plaintiff's second cause of action is for unfair competition. Jurisdiction of the Court is invoked under 28 U.S.C. § 1338 (b), which permits the joinder of such a claim with a substantial and related claim under the patent laws.

Plaintiff's second cause of action alleges that plaintiff has developed at considerable expense, and has sold throughout the United States, ranges having unique and distinctive non-functional features of design; that it has created a demand and market for such ranges; that the purchasing public has come to and does recognize and associate said unique and distinctive non-functional features of design with ranges originating with plaintiff and no one else; that said features of design have acquired secondary meaning and trademark significance; that defendant General Motors Corporation, through its Frigidaire Division, has manufactured ranges embodying said unique and distinctive non-functional features of design, and has sold such ranges to, and through, the other defendants; that the acts of the defendants were for the purpose of trading upon plaintiff's reputation and good will and misleading the purchasing public into believing that said ranges so manufactured and sold by defendants are those of the plaintiff; that defendant General Motors copied the unique and distinctive non-functional features of design from plaintiff's ranges with the intent of preempting the market therefor created by plaintiff and with the intent of trading upon the reputation and good will of plaintiff; that defendants have caused and are causing consumer confusion as to the source of ranges; that the acts of the defendants have diluted and damaged the secondary meaning, trademark significance and good will attached to plaintiff's design.

In their answer defendants deny the allegations of the second cause of action, and make certain affirmative allegations. Defendants allege that none of the elements and features, whether they be functional or non-functional, of plaintiff's ranges were unique, distinctive or novel and therefore plaintiff is not entitled to any exclusive rights therein, nor could any secondary meaning arise therein; and none of the accused ranges made and/or sold by defendants embody any non-functional or design features of plaintiff's ranges and that whatever similarities may exist result from features which are primarily or wholly functional in character and which were not originated by plaintiff; that defendants' ranges embody features distinctive from those of plaintiff, so as to prevent any alleged confusion; that all of the accused ranges have been marked with the name "General Motors" and the trademark "Frigidaire" and also with the trademark "Flair," the said markings being prominently and conspicuously

displayed on the fronts of all the accused ranges and in connection with all advertising used with respect to the said ranges; that by reason of the use of the said trademarks there has been no confusion and no likelihood of confusion between defendants' accused ranges and plaintiff's ranges.

Defendants have filed a motion for summary judgment as against the second cause of action. In support of the said motion there has been submitted an affidavit of Howard H. Bogue, Director of Reliability and Quality Control for the Frigidaire Division of General Motors Corporation, with exhibits attached.

The stated grounds for the motion are:

(1) No genuine issue of fact exists and defendants are entitled to judgment as a matter of law on the Second Cause of Action alleged in the complaint.

(2) Under the authoritative law of the recent decisions of the Supreme Court of the United States in Sears, Roebuck & Co. v. Stiffel Company, 376 U.S. 225, 84 S.Ct. 784, [11 L.Ed. 2d 661] (March 9, 1964) and in Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779 [11 L.Ed.2d 669] (March 9, 1964) the allegations of the Second Cause of Action, even if proven, would not entitle plaintiff to judgment or any relief against defendants. The Second Cause of Action does not allege any actionable wrong for which plaintiff is entitled to damages.

(3) Under the authoritative rule of law laid down by the Court of Appeals of the Sixth Circuit in West Point Manufacturing Co. v. Detroit Stamping Co., 222 F.2d 581 (CA 6, 1955) and in Estate Stove Co. v. Gray & Dudley Co., 41 F.2d 462, 463, 464 (CA 6, 1930), there can be no recovery where the alleged imitator of an article has plainly marked his article with his name so as to avoid confusion. Defendants' ranges have been so marked.

Plaintiff contends that the granting of this motion is precluded by the existence of factual issues raised by the pleading. Plaintiff argues that in making this motion "defendants disregarded the fact that *plaintiff has alleged,* and *defendants have denied:*

(1) that plaintiff is marketing cooking ranges which embody certain *non-functional* features of design;

(2) that such non-functional features of design have, through widespread promotion and marketing of the ranges by plaintiff, *come to identify plaintiff to the public in general as the manufacturer* of said ranges;

(3) that defendants have, in the accused cooking ranges imitated these non-functional features of design with the *deliberate intent* of deceiving the public as to the manufacturing source of said ranges with the *intent* to trade upon the reputation and good will established by plaintiff as the manufacturer of such ranges; and

(4) that the public has been and is *confused* by the incorporation of these non-functional features of design in defendants' ranges."

In response to this argument, defendants contend that the factual issues raised by the pleadings are not material, within the meaning of Rule 56, Federal Rules of Civil Procedure, or have been conclusively established in their favor as a matter of law in light of the unrebutted affidavit of Mr. Bogue.

■ Rule 56 of the Federal Rules, in pertinent part, provides:

(b) For Defending Party. A party against whom a claim, * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at

least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.* * * * (Emphasis added.)

In ruling on a motion for summary judgment the Court's function is to determine when a genuine issue of material fact exists, and not to resolve any existing factual issues, if they are not material as a matter of law. 6 Moore's Federal Practice, ¶56.15 [1].

Plaintiff contends that authorities relied upon by defendants, which will be discussed hereinafter, are inapplicable to this action.

■ Plaintiff states that in the Sears and Compco cases the rulings on the unfair competition issues accompanied adjudications of patent invalidity. Plaintiff then contends that those authorities are therefore distinguishable, in that plaintiff's patents, sued upon in the first cause of action, bear presumptions of validity.

This Court is of the opinion that this argument disregards the fact that the second cause of action, which is here in issue, does not incorporate any allegations of the first cause of action pertaining to the patents. The second cause of action must be judged based on its own merits, and cannot be supported by relying on another independent legal theory. The basis of the second cause of action is that defendant has improperly copied plaintiff's design. It is for that alleged wrong that plaintiff seeks recovery. The fact that the design may also be the subject of a patent gives rise to additional rights and remedies, and does not alter the nature of the wrong alleged in the second cause of action.

■ As to the West Point and Estate Stove decisions of the Sixth Circuit, plaintiff argues that those cases were decided after trials on the merits, and therefore have little, if any, relevance to this summary judgment motion. The Court does not believe that this argument is relevant. When the Court of Appeals for this Circuit has established a definitive rule of law which would entitle defendant to a final judgment based on the record thus far established, it is immaterial that such a rule evolved as a consequence of a full trial on the merits. The very function of summary judgment is to apply controlling law to operative facts, so long as such facts are properly before the Court.

In both Sears, Roebuck & Co. v. Stiffel Company, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964) and Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964) the plaintiff has sought recovery on the dual grounds of patent infringement and unfair competition. In each case the District Court found the patent to be invalid, but entered judgment for the plaintiff on the unfair competition count based on the defendant's copying of the plaintiff's product. The District Court judgments were affirmed on appeal, Stiffel Company v. Sears, Roebuck & Co., 313 F.2d 115 (CA 7, 1963), Day-Brite Lighting, Inc. v. Compco Corp., 311 F.2d

26 (CA 7, 1963) and the Supreme Court granted writs of certiorari, Sears, Roebuck & Co. v. Stiffel Company, 374 U.S. 826, 83 S.Ct. 1868, 10 L.Ed.2d 1050 (1963), Compco Corp. v. Day-Brite Lighting, Inc., 374 U.S. 825, 83 S.Ct. 1868, 10 L.Ed.2d 1050 (1963). In both cases, the Supreme Court reversed the judgments below, and rendered final judgment for the defendant.

In the Stiffel case, the issue was stated by the Supreme Court as follows:

> The question in this case is whether a State's unfair competition law can, consistently with the federal patent laws, impose liability for or prohibit the copying of an article which is protected by neither a federal patent nor a copyright. 376 U.S. 225, 84 S.Ct. 784.

The decision of the District Court was summarized by the Supreme Court as follows:

> The District Court, after holding the patents invalid for want of invention, went on to find as a fact that Sears' lamp was a "substantially exact copy" of Stiffel's and that the two lamps were so much alike, both in appearance and in functional details, "that confusion between them is likely, and some confusion has already occurred." On these findings the court held Sears guilty of unfair competition * * *. id., p. 226, 84 S.Ct. p. 786.

The Supreme Court then went on to state:

> In the present case the "pole lamp" sold by Stiffel has been held not to be entitled to the protection of either a mechanical or a design patent. An unpatentable article, like an article on which the patent has expired, is in the public domain and may be made and sold by whoever chooses to do so. What Sears did was to copy Stiffel's design and to sell lamps almost identical to those sold by Stiffel. This it had every right to do under the federal patent laws. That Stiffel originated the pole lamp

and made it popular is immaterial. id., p. 231, 84 S.Ct. p. 789.

\* \* \* \* \* \*

Sears has been held liable here for unfair competition because of a finding of likelihood of confusion based only on the fact that Sears' lamp was copied from Stiffel's unpatented lamp and that consequently the two looked exactly alike. Of course there could be "confusion" as to who had manufactured these nearly identical articles. But mere inability of the public to tell two identical articles apart is not enough to support an injunction against copying or an award of damages for copying that which the federal patent laws permit to be copied. Doubtless a State may, in appropriate circumstances, require that goods, whether patented or unpatented, be labeled or that other precautionary steps be taken to prevent customers from being misled as to the source, just as it may protect businesses in the use of their trademarks, labels, or distinctive dress in the packaging of goods so as to prevent others, by imitating such markings, from misleading purchasers as to the source of the goods. But because of the federal patent laws a State may not, when the article is unpatented and uncopyrighted, prohibit the copying of the article itself or award damages for such copying. id., pp. 232–233, 84 S.Ct. p. 789.

In the Compco case, decided on a companion basis with Stiffel, the Supreme Court stated:

> As we have said in Sears, while the federal patent laws prevent a State from prohibiting the copying and selling of unpatented articles, they do not stand in the way of state law, statutory or decisional, which requires those who make and sell copies to take precautions to identify their products as their own. A State of course has power to impose liability upon those who, know-

ing that the public is relying upon an original manufacturer's reputation for quality and integrity, deceive the public by palming off their copies as the original.

■ It will be noted that the Supreme Court, by these two decisions, left the door open for state regulation of product copying, by the imposition of reasonable standards of labeling by the manufacturer, so as to indicate the source. The effect of the Stiffel and Compco holdings, however, is that there can be no liability for the mere act of copying alone, in the absence of palming off.

■ The Court of Appeals for this circuit, in an exhaustive opinion rendered in West Point Mfg. Co. v. Detroit Stamping Co., 222 F.2d 581 (C.A. 6, 1955), adopted the rule that a manufacturer of a product copied exactly from another's unpatented product cannot be charged with unfair competition when the copy is clearly labeled as to the source of origin. That holding was a reaffirmation of the same rule as enunciated in Estate Stove Co. v. Gray & Dudley Co., 41 F.2d 462 (CA 6, 1930).

The Supreme Court and Sixth Circuit rulings considered above are controlling herein.

Plaintiff's second cause of action is independent of its patent rights and is based on the alleged copying of its product alone. Therefore, although each of the four authorities speaks in terms of an unpatented article and plaintiff's design patents are still presumed valid, the legal theory upon which recovery is sought in the second cause of action must be measured by the same standards as though plaintiff's product was unpatented.

If upon final determination the plaintiff's design patents are found to be valid, and it is shown that there has been an infringement by the defendants, then plaintiff has an adequate remedy under the law in its first cause of action.

The alleged factual disputes, set forth by plaintiff, are not of material fact when considered in light of the controlling law, and the facts as established by the Bogue affidavit and exhibits.

The affidavit of Mr. Bogue, which stands unrebutted by plaintiff, fully establishes that all of the accused ranges are plainly marked with the name "General Motors" and the trademarks "Frigidaire" and "Flair," being the trademarks of the Frigidaire Division of General Motors Corporation.

At this juncture, if all the alleged factual disputes were resolved in plaintiff's favor, the most that plaintiff could prove is that defendants are making and selling ranges which are identical copies of the plaintiff's ranges, except for the fact that they are clearly labeled as the products of the Frigidaire Division of General Motors Corporation, and embody certain distinctive non-functional features of design developed by the plaintiff; that said non-functional features have come to identify plaintiff to the public in general as the manufacturer of said ranges; and that the public has been and is confused to some degree by the incorporation of these non-functional features of design in defendants' ranges.

The insufficiency of these facts to establish a claim upon which relief can be granted was made plain by the Supreme Court in the Compco case, when it was stated:

That an article copied from an unpatented article could be made in some other way, *that the design is "nonfunctional"* and not essential to the use of either article, *that the configuration of the article copied may have a "secondary meaning"* which identifies the maker to the trade, *or that there may be "confusion" among purchasers* as to which article is which or as to who is the maker, may be relevant evidence in applying a State's law requiring such precautions as labeling; however, and *regardless of the copiers' motives,* neither these facts nor any others can furnish a basis for imposing liability for or prohibiting

the actual acts of copying and selling. 376 U.S. 234, 238, 84 S.Ct. 779, 782. (Emphasis added.)

Equally destructive of plaintiff's legal theory as contained in the second cause of action is the holding of the Sixth Circuit Court of Appeals in the West Point case, wherein it was stated:

> * * * in manufacturing and selling such article, appellant was only obliged to avoid confusing and misleading the public into believing that its clamps were those of appellee; that the only confusion that appellant was obliged to avoid was confusion as to the source of the article sold—or, in other words, confusion as to who the producer was; *that, in avoiding such confusion in making and selling the article, appellant was only required to mark his product in such manner that purchasers, interested in who the producer was, and exercising ordinary care to discover what products they were buying, would not be confused as to the source of the products.*
>
> The essence of unfair competition is the practice of palming off one's product as that of another. * * *
>
> * * * * * *
>
> *Appellant copied appellee's product as it had a right to do.* It impressed upon that product its own trade-mark in place of the trade-mark that appeared on appellee's product. Anyone looking at the clamps could easily see which bore appellant's trade-mark, and which bore appellee's trade-mark. * * * *It was not necessary for appellant to affix further information to its clamp, beyond its trade-mark, in order to avoid confusing the public as to the producer or source of the product.* West Point Manufacturing Co. v. Detroit Stamping Company, 222 F.2d 581, 595–596 (CA 6, 1955). (Emphasis added.)

Defendants' motion for summary judgment on plaintiff's second cause of action is hereby granted.